## Lee Upton v. City of San Angelo et al.

Decided February 21, 1906.

**County Attorney—Prosecutions in City Court.**

Under art. 5, sec. 21, of the Constitution, the county attorney is entitled to represent the State in any prosecution in Mayors' or Recorders' Courts of a city in criminal cases charging violation of State laws, and neither the Legislature nor the city can deprive him of that right; but under the Act of Twenty–sixth Legislature, ch. 33, sec. 8, p. 39, he is not entitled to fees for such prosecution, and mandamus to require that he be admitted to prosecute should run only against officers denying him such right, not against those refusing him the fees for prosecuting.

Appeal from the District Court of Tom Green County. Tried below before Hon. J. W. Timmins.

*Brightman & Upton,* for appellant.—The petition of appellant as relator set up a good cause of action against the respondents. Acts Leg., 1899, p. 40, sec. 8; Texas Constitution, art. 5, sec. 21; Harris County v. Stewart, 41 S. W. Rep., 657; The State of Texas v. E. T. Moore, 57 Texas, 307; Ex parte Wilbarger, 55 S. W. Rep., 968; Jackson v. Swain, 47 S. W. Rep., 711.

*Dubois & Allen* and *W. H. Allen,* for appellees, cited contra: Art. 1132 C. P. acts of the 28th Leg., p. 219; Constitution of Texas, art. 5, sec. 21 and art. 3, sec. 44; Wharton v. Ahldag, 19 S. W. Rep., 291; State v. Moore, 57 Texas, 320, 321; Hare v. Grayson County, 51 S. W. Rep., 656; Grayson v. May, 19 S. W. Rep., 332; art. 411 and 387, Rev. Stats.; Ency. of Law (2d ed.), vol. 23, pp. 390, 391, 392; Mulett v. United States, 150 U. S., 566.

KEY, Associate Justice.—This is a mandamus suit. Lee Upton, county attorney of Tom Green County, being the relator and the city of San Angelo, its mayor, recorder, marshal, secretary-treasurer and city attorney being respondents. The trial court sustained a general demurrer to the relator's application or petition, and he has appealed.

The pleading referred to shows that the relator is the county attorney of Tom Green County; that the city of San Angelo in said county is incorporated under the general laws of Texas, and has a corporation court of which one of the respondents is recorder, and that the other respondents hold the other city offices referred to; that the recorder has refused to permit the relator to represent the State in criminal cases involving violations of the penal laws of the State, and that he and the other respondents have prevented him from receiving any fees in all such cases and will continue to do so.

Section 21 of article 5 of our State constitution prescribes that the county attorneys "shall represent the State in all cases in the District and inferior courts in their respective counties," with the qualification that if a county is in a district having a district attorney, the respective duties of district and county attorneys shall, in such cases, be regulated by the Legislature. This constitutional provision was construed by our

Supreme Court in State of Texas v. Moore, 57 Texas, 307, and was held. to invest the county attorney with exclusive right to represent the State in all cases, civil as well as criminal, in his county, except in such cases as the constitution authorized the attorney general to represent the State. That case has been limited, but not entirely overruled by the recent case of Brady v. Brooks, 14 Texas Ct. Rep., 163, where it was held by the Supreme Court that, in view of another section of the constitution imposing certain duties upon the attorney general and requiring him to perform such other duties as may be required by law, the Legislature had the power to confer upon that officer the exclusive authority to prosecute certain suits in the District Court in the name and for the use of the State.

There is no such constitutional provision in reference to city attorneys, and therefore we think it must be held that neither the city of San Angelo nor the Legislature can deprive the relator of his right to appear and represent the State in criminal cases charging a violation of a State law. But, as a matter of fact, the Legislature has not attempted to accomplish that result. Upon the contrary, the Act of the Twenty-sixth Legislature establishing corporation courts provides that in State cases prosecuted by the city attorney, the county attorney, if he so desires, may also represent the State, but that he shall not be entitled to receive any fees or compensation therefor. This statute may be susceptible of the construction that it makes the county attorney merely the associate or assistant of the city attorney, and deprives him of unrestricted control in such cases; and if such was its purpose, then, to that extent, it infringes upon the constitution and is inoperative. However, the stipulation therein that the county attorney shall not be entitled to any fees or compensation in such cases, does not contravene any provision of the constitution, and was a legitimate exercise of legislative authority. Hence this court holds, as did the Court of Civil Appeals for the First District in Howth v. Greer, 14 Texas Ct. Rep , 61, the relator's petition states a cause of action entitling him to a mandamus against such of the respondents as are preventing him from representing the State in criminal cases in the corporation court, prosecuted in the name of the State and charging violations of the penal laws of the State. But we hold that he is not entitled to any compensation for rendering such service, and that no mandamus or other process should issue, requiring the respondents to collect or pay to him any fees.

The petition does not charge any of the respondents, except M. O. Davis, the recorder of the Corporation Court, and W. H. Allen, the city attorney, with interfering with the relator's right to represent the State in that court. The other respondents are only charged with preventing him from receiving fees in such cases; hence we hold that the petition states no cause of action against them, and as to them the judgment is affirmed. As between relator and the respondents M. O. Davis and W. H. Allen, the judgment is reversed and the cause remanded. The costs of the appeal will be taxed against said Davis and Allen.

*Affirmed in part and reversed and remanded in part.*