## Powers, by Next Friend v. Rex Coal Company, et al.

(Decided March 10, 1925.)

### Appeal from Harlan Circuit Court.

1. Landlord and Tenant—Children of Employee of Coal Company, Playing Within 30 Feet of House Rented from Company, Not Trespassers on its Premises.—Children of employee of coal company, playing within 30 feet of back door of house rented from company, when house not inclosed by fence, held not trespassers on company's premises.

2. Landlord and Tenant—Coal Company, Renting Houses on Premises to Employees, had Duty to Use Due Care Not to Injure Tenant or Family.—Where coal company rented houses on its premises to employees, and retained other parts of premises for use in operation of its mines, it had duty to use due care not to injure tenant or family by such operations. .

3. Landlord and Tenant—Res Ipsa Loquitur Applied to injury to Children of Tenant from Coal Falling from Bucket Operated by Coal-Mining Company.—Where child of employee of coal-mining Company, playing within 30 feet of house rented from company, on premises, part of which were used in operating mines, was injured by lump of coal falling from bucket, operated on steel cable passing overhead, res ipsa loquitur held applicable to make out prima facie case of negligence.

R. L. POPE and F. L. HUFF for appellant.

HALL, JONES & LEE for appellees.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Reversing.

The Rex Coal Company operates a coal mine in Harlan county; the coal is brought in cars to the mouth of the mine on the mountain; it is then carried about 600 feet in two large steel buckets running on a steel cable in the air to the tip-house on the other side of the river, where the coal is dumped into the railway cars. The cable passes over a level strip of land near the river. On

this strip, which is owned by the company, houses have been built by it which are occupied by the miners as its tenants.   One of these houses, the rear of which was just thirty feet from the cable, was occupied by James G. Powers, one of the miners, as a tenant of the coal company.   He had moved into the house on December 16, 1921.   The next morning after breakfast, when he had gone to his work in the mine and his wife was cleaning up the breakfast things, his two little girls, who were respectively four and six years, went out of the house; there was no inclosure around it and while they were there playing, about thirty feet from the back door, a block of coal fell from one of the passing buckets, which struck the younger child on the head, breaking her skull and inflicting a very serious and permanent injury.   This action was brought by her father as her next friend to recover therefor, and at the conclusion of the evidence the circuit court gave the jury a peremptory instruction to find for the defendant.   The plaintiff appeals.

It cannot be held that these children were trespassers. They were playing within thirty feet of the house; there was no inclosure about it, and clearly from the renting of the house there went with it a right to use the land right about the house.   Any one who rented such premises would be bound to anticipate that the family of the tenant would use the ground about the house and within thirty feet of it, there being no yard or other inclosure.

When the coal company rented part of its premises to the tenant and retained other parts of the premises for its own use it was bound to exercise ordinary care in the use of its part of the premises for the safety of the tenant and his family in occupying the part of the premises rented to him.   In 16 R. C. L. 1072, the rule on this subject is thus stated:

"A landlord may, however, while renting premises, reserve certain parts thereof for his own use and retain them under his own control, and where this is the case, the responsibility rests with him to see that no injury results, either to his tenant or other persons having rights there, as servants, guests or customers of the tenant, by reason of the manner in which such portion of the premises is occupied or used."

To the same effect see Mills v. Cavanaugh, 94 S. W. 436; Hess v. Hinkson, 96 S. W. 436; Mullins v. Nordlow, 170 Ky. 169; Home Realty Co. v. Carrius, 189 Ky. 228. To illustrate, it has been held that a landlord who rents premises to a tenant is liable to the tenant if he negligently allows his cattle to eat the tenant's crop. Kelly v. Easton, 26 A. L. R. 1042. In like manner it had been held that if there are several houses on the tract, and one is rented to a tenant, the landlord in tearing down any of the other houses must use due care to avoid any injury to the tenant or his family. Divines v. Dickinson, 12 A. L. R. 155.

In Weitzman v. Barber Asphalt Co., 123 A. S. R. 564, the rule is thus stated by the Court of Appeals of New York:

"If an owner or occupier of land uses upon it appliances, devices or methods that may cause injury to persons upon adjoining premises, or in public places, such owner or occupier owes to such persons the duty to take reasonable precautions to avoid injuring them."

In 20 R. C. L., p. 78, the rule is stated as follows:

"It may be stated as a general proposition that the owner or occupant of a building or structure, unless he can show that he was not at fault, will be held liable for damage and injury resulting from the precipitation of objects or substances into the street or upon adjacent premises."

The rule is thus stated by the Supreme Court of Vermont in Bishop v. Readsboro Chair Co., 36 L. R. A. (N. S.) 1177:

"In thus piling lumber at the place shown by the testimony, the defendant was engaged in a lawful business on its own land. Yet in so doing it was in duty bound to exercise due care against infringing the legal rights of the owner of the adjoining property."

In the notes to this case other cases are collected.

When the tenant rented this house and moved into it he took it as it was. But he only took it subject to such burden as the prudent and proper operation of the

cable imposed. It was the duty of the landlord after renting the house to use ordinary care in its operation, in view of the fact that the presence of persons about the house was to be anticipated and the falling of large blocks of coal from these buckets would be dangerous to them. If this block of coal had struck the house and injured Powers' wife washing the dishes, no one would doubt the liability of the company, at least unless the occurrence was explained and shown to be an accident which ordinarily prudence could not have prevented. But the children playing about the door were as much entitled to protection as the mother inside the door. In view of the danger to the tenant and his family it was the duty of the coal company to use ordinary care in filling and emptying its buckets, and as coal does not fall out of a bucket ordinarily when proper care is used, the fact that the coal fell and hurt the child where she had a right to be makes out a *prima facie* case for her.

> "The doctrine *res ipsa loquitur* has found a frequent application in cases of injuries from falling objects and substances. Evidence that an object whose fall has caused an injury to a traveler upon a public thoroughfare was under the management of the defendant or his servants has frequently been held to be sufficient to establish a want of due care on the part of such defendant, if the accident is such as in the ordinary course of things does not happen, and no adequate explanation of its occurrence is offered. The rule has been applied in many instances to injuries produced by the fall of awnings, signs, walls, buildings, parts of buildings, building materials, tools, electric wires, and many other objects." 20 R. C. L. 191.

Under the evidence the peremptory instruction to the jury to find for the defendant should not have been given.

Judgment reversed and cause remanded for a new trial.