

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable Coke R. Stevenson
Governor of the State of Texas
Austin, Texas

Opinion No. 0-5001

Dear Governor Stevenson:

Re: Authority of Governor to fill
by appointment vacancy in
office of Criminal District
Attorney created by Article
326q, Vernon's Revised Civil
Statutes.

You have requested the opinion of this department on the question whether it is the duty of the Governor, or of the Commissioners' Court of Grayson County, to make an appointment to fill a vacancy in the office of Criminal District Attorney of Grayson County, which office is created by the provisions of Article 326q, Vernon's Revised Civil Statutes of Texas.

Constitution, Article 4, Section 12, provides that:

"All vacancies in State or district offices, except members of the Legislature, shall be filled, unless otherwise provided by law, by appointment by the Governor. . . ."

Article 326q, Vernon's Revised Civil Statutes, applies only to those counties in this State having a population of not less than 33,500 and not more than 75,000 inhabitants, and which do not contain a city of more than 50,000 inhabitants, and in which counties there are one or more judicial districts, and in which the County Attorney performs the duties of County Attorney and District Attorney, and in which there is not now a District Attorney. Grayson County meets these requirements.

In the counties to which it applies, Article 326q undertakes to create the office of Criminal District Attorney. The Act provides that such Criminal District Attorney shall have and exercise all the powers, duties and privileges within such counties as are by law conferred upon District and County Attorneys. It further provides that the person who is

at the time of the passage of the law the County Attorney of such county, shall be and become the Criminal District Attorney of the county until the next general election and until his successor shall be elected and qualified.

Section 5a of the Act provides:

"It is not the intention of this Act to create any office of District Attorney nor any other constitutional office and the office of Criminal District Attorney is hereby declared to be a separate and distinct office from the constitutional office of District Attorney and no Criminal District Attorney shall draw or be entitled to any salary whatsoever from the State of Texas."

The Act undertakes to create a "district office". If it is valid, therefore, Article 4, Section 12 of the Constitution would authorize the Governor to fill the vacancy therein, since the Legislature has made no provision for filling the vacancy otherwise than by the appointment of the Governor.

Section 21, Article 5, of our State Constitution provides:

"A county attorney, for counties in which there is not a resident criminal district attorney, shall be elected by the qualified voters of each county, who shall be commissioned by the Governor, and hold his office for the term of two years. In case of vacancy the Commissioners' Court of the county shall have power to appoint a county attorney until the next general election. The county attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a district attorney, the respective duties of district attorneys and county attorneys shall in such counties be regulated by the Legislature. The Legislature may provide for the election of district attorneys in such districts, as may be deemed necessary, and make provision for the compensation of district attorneys, and county attorneys; provided, district attorneys shall receive an annual salary of five hundred dollars, to be paid by the State, and such fees, commissions and perquisites as may be provided by law.

> County Attorneys shall receive as compensation only such
> fees, commissions and perquisites as may be prescribed
> by law."

This Section of the Constitution provides for the offices of County Attorney and District Attorney. It expressly authorizes the Legislature to provide for the election of District Attorneys in such districts as may be deemed necessary. Each of the offices provided for by that Section of the Constitution is a "constitutional office". When the same Section speaks of a "resident Criminal District Attorney", it is clear that it refers to a "District Attorney" with special functions or powers and duties. Whether the "Criminal" District Attorney is an attorney whose duty it is to serve a "Criminal District Court", or whether he is simply one who serves a "District Court" of a district composed of a single county, it is here unnecessary to decide. In either case, the office created is a "constitutional office" -- an office expressly authorized by the Constitution to be created by the Legislature "in such districts as may be deemed necessary".

Since in Section 5a of the Act under consideration, the Legislature has expressly disavowed the intention to create "any office of District Attorney or any other constitutional office", the Act of necessity can not be construed to be an exercise of the legislative power to create a "constitutional office".

The Act, then, does not create the constitutional office of Criminal District Attorney. It is therefore a nullity, unless it is within the legislative power to create a purely statutory, as distinguished from a constitutional office, to supersede the office of "County Attorney". That the Legislature does not have the power to create such statutory office is made abundantly clear in the decisions of the courts of this State. Article 5, Section 21, of the Constitution, creates the office of County Attorney, and vests in the County Attorney the authority to represent the State in all cases in the District and inferior courts in his county. It is only when the Legislature exercises the authority conferred by that section of the Constitution to create the office of District Attorney or Criminal District Attorney -- each of them constitutional offices -- that the office of County Attorney may be abolished, or the powers and duties conferred by the Constitution upon the County Attorneys abridged.

> " -- Where certain duties are imposed or specific powers
> are conferred upon a designated officer, the Legislature cannot

withdraw them from him, nor confer them upon others, nor abridge them or interfere with the officer's right to exercise them, -- unless the Constitution expressly so provides." 34 Tex. Jur. p. 445, and authorities there cited.

> See: Moore v. State, 57 Tex. 307;
> Maud, Tax Collector, v. Terrell, Comptroller,
>       109 Tex. 97, 200 S.W. 375;
> Howth v. Greer, 90 S.W. 211, writ denied;
> Upton v. City of San Angelo, et al, 94 S.W. 436;
> Harris County v. Stewart, 91 Tex. 133, 41 S.W. 650;
> Camp et al v. Gulf Production Company et al,
>       61 S.W.2d 773;
> Moore v. Bell, (Supreme Court) 66 S.W. 45;
> Staples v. State ex rel King, 112 Tex. 61, 70,
>       245 S.W. 639;
> Allen v. Fisher, 118 Tex. 38, 42, 9 S.W.2d 731;
> State ex rel Downs, et al, v. Harney, Sheriff,
>       164 S.W.2d 55;
> Adamson v. Connaly, 112 S.W.2d 287, 290.

As above stated, it is here unnecessary to determine whether the Act would have been effective to create the constitutional office of "Criminal District Attorney". To determine that question would require a decision upon the question whether the term "resident Criminal District Attorney" means an attorney whose duty it is to serve a "Criminal District Court", or whether it means an attorney to serve a "District Court" of a district composed of a single county. This inquiry is made unnecessary by the express legislative declaration that it was not the intention of the Legislature in passing the Act to exercise the authority conferred by Article 5, Section 21, to create the constitutional office of Criminal District Attorney.

Since the Act is a nullity, it follows that there is no office of "Criminal District Attorney" to be filled in Grayson County. There still exists, perforce of the provisions of Article 5, Section 21, the office of County Attorney in such county, the vacancy in which is to be filled by appointment of the Commissioners' Court of said county, under the authority conferred upon that court by Article 5, Section 21, of the Constitution.

APPROVED FEB 16, 1943
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS
RWF-MR
    This Opinion Considered and
    Approved in Limited Conference.

Very truly yours

ATTORNEY GENERAL OF TEXAS
By /s/ R. W. Fairchild
    R. W. Fairchild
        Assistant