**WRIGHT & TAYLOR, INC., Appellant,**

v.

**Cleo SMITH, Appellee.**

Court of Appeals of Kentucky.

May 23, 1958.

Rehearing Denied Sept. 19, 1958.

Lively M. Wilson, Stites, Wood, Helm & Peabody, Louisville, for appellant.

Julius Leibson, Louisville, for appellee.

BIRD, Judge.

This appeal is taken from a judgment against Wright & Taylor, Incorporated, in the sum of $3,000. The appellant is owner of the Francis Building in Louisville, Kentucky. Appellee claims to have been injured in a basement hallway of appellant's building and charges appellant with negligence in maintaining the premises.

We find an accurate statement of facts in appellant's brief and we quote: "Appellee is employed by Maud Muller Candy Company, in the Francis Building, in Louisville, as a maid. As such, her job required her to clean up the store and carry out the day's accumulation of waste. In doing this she would walk down the steps to the basement of the building and through the hallway, or corridor of the basement, to rear of the building. In the floor of the basement corridor there is a small grease trap which serves the basement storeroom leased to Maud Muller. The trap has an iron cover similar to a manhole cover, only much smaller in diameter, and this cover fits into a rim and is flush with the basement floor.

"During the previous tenancy of the storeroom it was necessary to clean the grease trap periodically. Since Maud Muller leased the premises in 1954 it has not been necessary to remove the cover for cleaning the trap or for any other purpose. The portion of the hallway, or corridor, in which the grease trap is located is used in common by other tenants of the building, as well as Maud Muller. The Gem Shop and Topper's Restaurant use the corridor for making deliveries to their storerooms in the basement. Often these deliveries are heavy, bulky packages.

"On the occasion in question the appellee was taking out the waste that had accumulated in the storeroom of Maud Muller. She had a large waste can which she was carrying on a small two-wheeled hand truck. She testified that as she went out with the truck she did not pass over the grease trap but as she was coming back, after emptying the waste can, she rolled the truck over the cover of the grease trap and as she stepped on it with her left foot the cover gave way and her left leg went into the trap. * * *

"The appellant did not lease that portion of the premises on which the accident occurred, but retained possession thereof for the common use of all tenants. * * *"

In Home Realty Co. v. Carius, 189 Ky. 228, 224 S.W. 751, we expressed concisely the landlord's duty under similar circumstances and we quote:

"* * * Where a landlord leases separate parts of the same building to different tenants and retains exclusive control of certain portions thereof, such as steps, stairways, halls, etc., which are used in common by all the tenants, the landlord is under an implied obligation to use reasonable diligence to keep such reserved parts in safe condition for the use of the tenants. As to the portion of the premises which he has leased, the landlord is exempt from liability to repair both as regards the tenants and third persons, for the reason that he has surrendered to his tenants exclusive possession and control of the respective leased premises. The parts of a building which are subject to the necessary use which the tenants may make of them in connection with their enjoyment of the possession and use of their separate apartments must be kept in repair by the landlord, not because of any contract on his part, express or implied, but because of the supervision and control which he still retains over all parts of the premises not expressly demised to his tenants." See also Carver v. Howard, Ky., 280 S.W.2d 708.

It is insisted by appellant that the evidence introduced shows no breach of such duty and that the court erred in not granting a directed verdict. This is urged as the principal ground for reversal of the judgment and we shall deal with it first. Appellee is the only person who testified as to how the injury was inflicted and the substance of her testimony has heretofore been stated. She used a physician to prove her disabilities and the building superintendent to prove that the hallway, manhole, and manhole cover were in the exclusive control of the appellant. She made no effort to specify any particular cause for the tilting of the manhole cover. Obviously the case could not have been submitted to the jury except upon application of the res ipsa loquitur doctrine. Appellant insists that the doctrine should not have been applied, because of the absence of elements requisite to its application. In the case of J. C. Penney Co. v. Livingston, Ky., 271 S.W.2d 906, 908, we pointed out the three essential elements as follows:

"In line with the weight of authority, this court has held that the principle of res ipsa loquitur may be invoked only when there are present three essential elements: (1) the instrumentality must be under the control of the defendant; (2) the circumstances, according to common knowledge and experience, must create a clear inference that the accident would not have happened if the defendant had not been negligent; (3) the plaintiff's injury must have resulted from the accident. Lewis v. Wolk, 312 Ky. 536, 228 S.W.2d 432, 16 A.L.R.2d 974."

Appellant argues that, because of the common daily use of the hallway by other tenants and delivery men, the owner did not have exclusive control as required by the foregoing rule. We do not agree. The words "use" and "control" do not have the same legal import. The right to use is here granted to several but the right to control is granted to none of them. The right to control is admittedly retained in the landlord. There is no contention that any one, other than the landlord, has the burden of maintenance, nor is it contended that any tenant or user has a right to control the manner in which the hallway is used. "The requirement that the instrumentality be under the management and control of the defendant does not mean, or is not limited to, actual physical control, but refers rather to the right of control at the time of the accident." 38 Am.Jur. page 997, Section 300. It is our conclusion that the showing of control is sufficient to meet the requirements of the rule.

Let us look now to the second requisite of the rule in determining whether or not the doctrine should be applied. Let us keep in mind that we are dealing only with the right to apply the rule and not the right to recover. Contributory negligence, lack of notice to the landlord, third party intervention and other things may affect the right to recovery but not the right to apply the doctrine in establishing the negligence of the landlord. There is no doubt that plaintiff was injured through the negligence of some one. According to common experience and knowledge and in the absence of negligence, one is not caused to fall into such grease traps or manholes. This hallway being exclusively under the control of landlord, and maintained solely by him, we are of the opinion that his negligence in maintaining the premises may be presumed to be the cause of the injury. This of course makes only a prima facie case of negligence, ever subject to rebuttal and explanation. There is no argument about the third requisite of the rule.

Appellant insists that the doctrine of res ipsa loquitur should not be applied where the relationship of the parties is that of landlord and tenant. The doctrine is but a rule of evidence in negligence law and we see no reason why it should not be applied in landlord-tenant cases as in other

cases of negligence. The doctrine has been so applied in this state. Powers v. Rex Coal Co., 207 Ky. 761, 270 S.W. 28.

■ The defendant was not, therefore, entitled to a directed verdict because of plaintiff's failure to prove negligence.

■ It is insisted by the landlord that a directed verdict should have been given it because of plaintiff's failure to prove that the landlord had actual notice or constructive notice of the condition which brought about the injury. When negligence is presumed by application of the res ipsa loquitur doctrine, notice is likewise presumed, for without it there would be no negligence. When, however, there is proof of actual notice or constructive notice the presumption of negligence is materially strengthened. Kniffley v. Reid, 287 Ky. 212, 152 S.W.2d 615.

Should the plaintiff be precluded from recovery because of her contributory negligence? She admits that, as she pushed her cart, she did not look down at the manhole going in either direction. She further admitted that the hallway was lighted well enough for her to have seen if the cover had been out of place.

■ It was not plaintiff's duty to look directly down at the manhole as she stepped on it but it was her duty to observe generally the surface upon which she was about to walk. Failure to perform this duty, however, would preclude her recovery only if the proof showed that the condition causing her injury would have been revealed to her by looking. Humbert v. Audubon Country Club, Ky., 313 S.W.2d 405. Her admission does not clearly prove that she failed to observe generally the surface upon which she was walking, nor is it shown that the reason for her injury could have been discovered by such observation. Appellant assumes that the lid was out of place and that her injury was thereby in-

flicted. The assumption is unwarranted because the evidence shows that plaintiff did not know what condition caused her injury. It is possible that her injury resulted from a condition not as apparent as a lid out of place and that looking may not have revealed it at all. We are of the opinion that the question of plaintiff's contributory negligence was correctly submitted to the jury.

■ Appellant further claims that the case should be reversed because of the alleged introduction of photographs taken of the hallway after corrections had been made. The record discloses that, before plaintiff's counsel stated his case to the jury, he presented to the court two photographs which he *proposed* to introduce into evidence. The court approved one for introduction and disapproved the other. Appellant had objected to the introduction of either. The record does not show that either photograph was demonstrated to the jury during the statement, nor does it show that either photograph was introduced by a witness, made a part of the evidence and shown to the jury. A proposal to introduce is not an introduction, and, though the court may have been in error in approving either for introduction, the error could not be prejudicial unless shown to the jury during the statement or introduced into evidence by a witness and shown to the jury.

■ Appellant further insists that the judgment should be reversed because the court by its instruction erroneously permitted the jury to find special damages in the sum of $170.62 for loss of time. Appellee agrees and moves that a remittitur in such sum be entered here and her motion is sustained. This, we think satisfactorily removes the prejudice from the trial court's error.

Finding no further prejudicial error in the record the judgment is affirmed as to the sum of $2,829.38.