EBER *v.* BAUER.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—LIABILITY OF INSURER—COLLATERAL ISSUES.

In action under 2 Comp. Laws 1915, § 5468, by employer for benefit of its insurer for money paid under workmen's compensation act for death of employee claimed to have been caused by defendant's negligence, liability of insurer to pay said claim may not be litigated; it being collateral to issue involved.

2. SAME—EXISTENCE OF RELATIONSHIP—INDEPENDENT CONTRACTOR—MOTOR VEHICLES.

Owner of truck employed by transit company to make deliveries of merchandise for it and who received instructions as to merchandise to be hauled and its destination at company's office was company's employee, rendering it liable for wrongful death caused by employee's negligence.

Error to Berrien; White (Charles E.), J. Submitted November 3, 1930. (Docket No. 180, Calendar No. 35,186.)   Decided December 2, 1930.

Case by Kenneth D. Eber and another, copartners doing business as the Eber & Eber Auto Sales, for use and benefit of the Century Indemnity Company, a Connecticut corporation, against Ray Bauer and another to recover money paid under the workmen's compensation act for the death of an employee of plaintiffs. From verdict and judgment for plaintiffs, defendant company appeals. Affirmed.

*Rolland E. Barr,* for appellant.

*Arthur E. Leckner,* for appellees.

SHARPE, J. In September, 1927, Kenneth D. Eber and John Eber were engaged in the business of selling automobiles at St. Joseph, Michigan, under the firm name of Eber & Eber Auto Sales. On the afternoon of September 6th, in that year, a collision occurred between a Ford sedan driven by Kenneth D. Eber, in which an employee named Lloyd Kaiser was riding, and a Reo truck, driven by the defendant Bauer, as a result of which Kaiser lost his life. His widow made claim for compensation under the law providing therefor, and was awarded the sum of $5,401.13, which was paid by the Century Indemnity Company.

This action was brought on July 19, 1929, by the partnership for the use and benefit of the Indemnity company to recover the amount so paid from Bauer and from the defendant the Reliable Transit Company, an Illinois corporation, of which it is claimed Bauer was an employee. The jury found for the plaintiff in the sum above stated. The defendant transit company seeks review by writ of error.

1. It appears that the policy issued by the indemnity company covered the employees of Eber & Schilling; that after its issue Eber's father purchased the interest of Schilling, and the business was then conducted under the firm name of Eber & Eber Auto Sales, but the indorsement on the policy of the change of name of the beneficiary was not made until after the accident. The indemnity company, however, admitted its liability and paid the award.

The right of subrogation in such cases is provided for in the workmen's compensation law (2 Comp. Laws 1915, § 5468). In our opinion the liability of the indemnity company to pay the award cannot be litigated in this case. It is collateral to the issue here presented, and has no bearing upon defendant's liability.

2. The defendant Bauer was the owner of the truck which he was driving. He lived in Chicago. On February 11, 1927, he entered into a written contract with the transit company, a copy of which, omitting the formal parts and the signatures, appears in the margin.* It is urged that the services

---

* "Witnesseth, that the said party of the second part has agreed to enter the service as an operator of his own truck or having an equity therein of the party of the first part, and promises faithfully, honestly, and diligently to give and devote to the party of the first part, his time, labor, and truck as aforesaid, whenever he is called upon to do so by the party of the first part.

"In consideration whereof the said party of the first part agrees to pay to the said party of the second part, seventy-five per cent. (75%) of the gross sum of earnings earned by the party of the second part, less the total amount of claims and allowances that have been presented by a third party and paid or to be paid by the party of the first part. It is further agreed that the party of the second part assumes and pays all costs and operating expenses to maintain his own truck. That the party of the second part have public liability, property damage, and cargo insurance on his own truck while in service of the party of the first part, and premium to be paid by the party of the second part. Policy or policies during the time truck is in service are to be in possession of the party of the first part and are to be kept in a safety deposit vault known to be of safe keeping by both parties.

he performed thereunder were not as an employee, but as an independent contractor. The transit company was engaged in the delivery business. Bauer made trips for it from Chicago to points in Michigan and other States. He received instructions at the company's office in Chicago as to what merchandise or goods he should take, where to go for them, and where to deliver them. That he used his own truck instead of one furnished by the company did not change his status. The facts in this case are so nearly similar to those in *Dennis* v. *Sinclair Lumber & Fuel Co.*, 242 Mich. 89, that decision is controlled thereby. The trial court was clearly right in holding that Bauer was an employee of the transit company.

As these are the only questions raised by the assignments of error or discussed by counsel, the judgment is affirmed.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.

---

"That the party of the first part will retain the sum of three hundred dollars ($300) as deposit, bearing interest at the rate of three per cent. (3%) per annum, against theft and claims, that might have incurred by the party of the second part, at all times, and for twenty days after the resignation of the party of the second part from the service of the party of the first part.

"That the party of the second part will give five days' notice in advance of his resignation from the service of the party of the first part.

"That all collections of money due from services rendered are collectible only by the party of the first part, with the exception that when bill of lading is specifically marked collect on delivery, in that event the party of the second part must remit to the party of the first part all collections made, promptly.

"Settlements of accounts are to be made to the party of the second part weekly, or in no event later than thirty days from date of last settlement, on condition of the aforesaid terms.

"And it is further agreed that the party of the first part reserve the right to request resignation of the party of the second part without advance notice."