# Wright v. Clausen.

(Decided Dec. 11, 1935).

**(As** Modified on Denial of Rehearing March 27, **1936).**

HUBBARD BROTHERS for appellant.

HUFFAKER, HOGAN & BERRY and LEE ROY CURTIS for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

This is the second appeal of this case. The facts in the present case are substantially the same as in

the former one as set out in that opinion, 253 Ky. 498,. 69 S. W. (2d) 1062, 1064, and it is not necessary to repeat them in this opinion. The case was reversed on, the former appeal because of erroneous instructions, and in that opinion the court indicated the proper instructions to be given on another trial on issues where the evidence is substantially the same. In the former opinion we said:

> "And there was some proof this collision occurred on a steep grade; hence the court should have given an instruction under subsection 2 of section 2739g-51, as amended by Acts 1930, c. 79. * * * Wright had asked for such an instruction and offered one, and upon the next trial, if the evidence is the same, and she should do so again, the court will give such an instruction paterning it after the instruction in Utilities Appliance Co. v. Toon's Adm'r, 241 Ky. 823, 45 S. W. (2d) 478."

On the last trial of the case the court did not give the instruction above indicated and appellant insists that this was error, which would be conceded if the evidence on the last trial had shown that the accident occurred on a steep grade. On the last trial one of plaintiff's witnesses testified that at the point of the accident, the road was level and appellant said it was a "slight grade." In view of this evidence we do not. think an instruction relating to passing traffic on a steep grade was necessary. No. 2 instruction given on the first trial submitted to the jury the question of ownership of the car in which appellant was riding, which instruction was approved by us, with a certain exception; but on the last trial the question of ownership of the car was not submitted to the jury, and it is insisted that this was error. Plaintiff admitted that the bill of sale and the license for the car were issued to her and in her name. This was prima facie evidence of ownership in her and is not contradicted except by her bare statement that she did not own the car, which in the circumstances was a conclusion on the part of the witness without any facts or explanation tending to show why she was not vested with title to it. Therefore, the court properly declined to submit the issue of ownership of the car to the jury.

Plaintiff offered an instruction which in substance-

set out the various duties of operators of motor vehicles on the highway, substantially as set out in the statute, including a provision therein with respect to the duty of the defendant in attempting to pass plaintiff's car on a steep grade, and further not to exceed 15 miles per hour, and that if the jury believe from the evidence that he did exceed that rate of speed that it was prima facie evidence of unreasonable and improper driving, which instruction the court refused. We have already disposed of the question of the necessity of an instruction with reference to steep grade; and that part of the offered instruction with respect to 15 miles per hour being prima facie evidence of unreasonable and improper driving, was erroneous and the court properly refused the instruction. Utilities Appliance Co. v. Toon's Adm'r, supra.

The court gave instruction No. 1, which instructed the jury as to the duties of the defendant in the operation of his truck, in substance, as set out in the statute governing the operation of motor vehicles on a highway and was in substance the same as the offered instruction which was refused, with the exception of the rate of speed on passing traffic on a steep grade as above indicated. The instruction was substantially the same as given on the first trial which we approved. By instruction No. 2 the jury was instructed as to the duties of the driver of the plaintiff's car, in substance, as set out in the statute relating to the rules of traffic and operation of motor vehicles on a highway, and also embraced therein an instruction on contributory negligence of the driver of the plaintiff's car, as follows:

"If you believe from the evidence that the driver of Mrs. Wright's car failed to observe any one or more of these duties, and that such failure, if any, he so far helped to cause or bring about the collision as that but for such failure on his part the collision would not have occurred, then you should find for the defendant, Clausen, even though you should believe from the evidence that the defendant, Clausen, failed to observe some one or more of the duties enumerated in the first instruction."

It is insisted that the court erred in giving an in-

struction on contributory negligence. Challinor v. Axton et al., 246 Ky. 76, 54 S. W. (2d) 600, is a case where the facts are very similar if not precisely the same as here involved in the present case. The court gave a contributory negligence instruction similar to the one here given, which was approved by this court on the ground that where the owner is an occupant in an automobile driven by another, the driver was the owner's agent and the driver's negligence was imputable to the owner. See also, to the same effect, Jellico Grocery Co. v. Biggs, 252 Ky. 827, 68 S. W. (2d) 429.

In instruction No. 1, the jury was instructed that it was the duty of the defendant to sound his horn before passing plaintiff's car. Defendant admits that he did not sound the horn before attempting to pass plaintiff's car, and it is insisted that because of his violation of this duty the court should have peremptorily instructed the jury to find a verdict for the plaintiff. A violation of a statutory duty, or act of negligence of itself, is not conclusive of the right to recover unless it is shown that such violation or duty or negligent act was the proximate cause of the injury. By the instruction on contributory negligence the driver of the plaintiff's car, the jury was instructed to find for plaintiff if it believed from the evidence that the defendant failed to perform the duties enumerated in the instruction, which included the duty to sound the horn, if they believed that the failure to perform such duties or any of them was the proximate cause of the injury. By this instruction the issue with respect to the proximate cause of the injury was properly submitted to the jury. Under the evidence the jury evidently believed, and had the right to so believe that the driver of plaintiff's car was negligent, but for which the accident would not have occurred, notwithstanding defendant's failure to sound the horn. The evidence conduces to show that the driver of plaintiff's car drove over to the extreme left side of the road and slowed down, and his conduct was such as to lead the defendant to believe that he (Wright) was intending to park on the left side of the road, and then defendant attempted to pass to his right, and when within a few feet of plaintiff's car, plaintiff made a sudden right-hand cut across the road to turn into a

driveway on his right, and in such close proximity to defendant's truck that he could not avoid the collision. In the opinion on the former appeal it is pointed out that a vehicle may pass to the right of a vehicle going in the same direction, but in such cases a greater degree of care is required as provided by section 2739g-40, Kentucky Statutes. The accident occurred on a straight road which was about 20 feet wide and when plaintiff's car drew over to the extreme left there was sufficient space for defendant's truck to pass to the right, and being a straight road he could see ahead the required distance. In the circumstances the jury perhaps believed that the driver of plaintiff's car was negligent in making a sudden turn to the right in the manner and under the circumstances he did so, and but for such negligent act the accident would not have occurred.

The questions of negligence of the defendant and of the driver of plaintiff's car were submitted to the jury by appropriate instructions and it saw proper to find for the defendant. We do not know upon which theory the jury based its verdict, that is, whether it concluded that defendant was not negligent at all or the driver of the plaintiff's car was guilty of contributory negligence, but for which the accident would not have occurred. However, that question is immaterial, since the evidence was sufficient to sustain the verdict upon either theory.

Finding no error prejudicial to the substantial rights of appellant, the judgment is affirmed.