## Vansant et al. v. Holbrook's Adm'r.

Dec. 17, 1940.

George B. Martin, John L. Smith and R. C. Van Sant for appellants.

Waugh & Howerton for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Bernard D. Holbrook, a child four years old, was struck and killed by a truck operated by Luther Grigsby. The accident happened on Sunday afternoon September 19, 1937, between 4 and 5 o'clock on the Mayo trail between Ashland and Louisa, Kentucky. Denver Holbrook, father of Bernard Holbrook, qualified as administrator of the deceased child's estate, and brought this action against W. R. Vansant and W. R. Vansant, Jr., partners doing business as W. R. Vansant & Son, to recover damages for the child's death.

It was alleged that Bernard Holbrook's death was caused by the negligent operation of the defendants' truck by their agent and employee. In their answer the defendants traversed the averments of the petition, and pleaded affirmatively that Luther Grigsby, driver of the truck, was an independent contractor. The questions of negligence, independent contractor, and unavoidable accident were submitted to the jury by instructions which are not criticised. The jury returned a verdict for $2,500 in favor of the plaintiff, and, from the judgment entered thereon, the defendants have appealed. They seek a reversal of the judgment on the ground that the trial court erred in overruling their motion for a directed verdict in their favor, and they insist this motion should have been sustained for two reasons: First, the evidence of negligence was insufficient to take the case to the jury; and, second, the evidence showed conclusively that Luther Grigsby was not appellants' employee

at the time of the accident acting within the scope of his employment, but was an independent contractor.

The accident happened in front of the residence of Herman Holbrook, uncle of the deceased child. The Mayo trail at this point is improved with concrete, and between the paved portion of the road and the wall around the Holbrook yard is a berm 10 feet wide. The residence and the yard are several feet above the level of the concrete road, and steps lead from the berm of the road to the residence. Denver Holbrook, accompanied by his wife and children, had driven to the home of his brother, Herman Holbrook, in an automobile earlier in the afternoon. He parked the automobile on the east berm of the road between the concrete and the wall around the yard and on the left side of the highway as one travels south toward Louisa and 12 or 15 feet north of the steps leading to the residence. Three children and a twenty year old girl were playing marbles on the berm in front of the steps. Phyllis Holbrook, a fifteen year old girl, sister of the deceased child, and Carna Workman, who lived at the Herman Holbrook home, were sitting on the steps. It is appellants' contention that the evidence fails to show any negligence in the operation of the truck, but does show the child suddenly darted from behind the parked car and ran across the road and into the side of the truck, and that this was the proximate cause of the accident. Phyllis Holbrook and Carna Workman testified that they saw the truck when it came out of a curve about 1,000 feet north of the point where they were sitting. It was traveling at a speed of 40 or 45 miles an hour, and its left wheels were to the left of the black line which marked the center of the paved portion of the road. The Holbrook child had been playing in the parked automobile. He got out of the automobile, walked south on the berm of the road to a point opposite the steps where the witnesses were sitting, and then started diagonally across the road going southwardly, the direction in which the truck was traveling. Before he reached the center line of the road, he was struck by the bumper or left front fender of the truck. The truck stopped on the west side of the road about 300 feet south of the scene of the accident. Luther Grigsby, driver of the truck, and two employees of appellants who were riding with him testified that the truck was traveling at a speed of 25 or 30 miles an hour

on the righthand side of the road, and that as it reached the point opposite the parked automobile the child suddenly appeared from behind the automobile and started across the road. Grigsby swerved the truck to the right and avoided striking the child with the front of the truck. After the truck passed on, one of the occupants looked back and saw the child lying in the road. Several occupants of an automobile which was approaching from the south saw the accident and they corroborated Grigsby. They testified that the truck was traveling to the right of the center of the road, and that the child suddenly ran from behind the parked car into the side of the truck and was run over by the left rear wheel.

The weight of the evidence supports appellants' contention that the accident was unavoidable, and that the driver of the truck was not guilty of negligence. However, if the accident happened as described by the two witnesses for appellee, there were facts from which the jury might reasonably infer the driver of the truck was negligent. If their testimony is true, the child was in plain view for a sufficient length of time to put him on notice that the child might move in the pathway of the truck, and it was his duty to keep a lookout, to have the truck under reasonable control, and to give warning of its approach. Ashland Sanitary Milk Co. v. Messersmith's Adm'r, 236 Ky. 91, 32 S. W. (2d) 727; Mett's Adm'r v. Louisville Gas & Electric Co., 222 Ky. 551, 1 S. W. (2d) 985. Cf. Dixon v. Stringer, 277 Ky. 347, 126 S. W. (2d) 448.

Whether Luther Grigsby, driver of the truck, was appellants' employee or an independent contractor presents a close question on the facts, but we think the evidence on this point was sufficient to take the case to the jury. The truck driven by Grigsby was purchased by appellants in July, 1936, and was licensed in the name of the partnership in Perry county where they were engaged in the lumber business. On March 2, 1937, it was licensed in the partnership's name for the year 1937, and on March 3, 1938, nearly six months after the accident, it was licensed in the partnership's name for the year 1938. Appellants and Grigsby testified that the truck was sold to Grigsby for $400 in September, 1936. No part of the purchase price was paid in cash, but Grigsby agreed to haul staves for appellants and to pay for the truck out of his earnings. At the time of the ac-

cident he was hauling staves from the mill site in Lawrence county to Ashland in Boyd county, and was being paid at the rate of $4 a thousand. Appellants testified that Grigsby finished paying for the truck in July, 192⁻ but transfer of the title in the manner provided for by Section 2739g-13, Kentucky Statutes, was not made until March 8, 1938, because appellants' bill of sale had been lost or misplaced. Grigsby did some hauling for other persons when he was not hauling for appellants. He began hauling for appellants in Perry county and when they moved their mill, equipment, and crew of men to Lawrence county he went along. In September, 1937, two trucks were being used to haul manufactured staves from Lawrence county to Ashland. One was driven by Carson Drane and one by Luther Grigsby. It is conceded that the truck driven by Drane was owned by appellants and that Drane was their employee. These two trucks were loaded in the same manner, at the same time, and traveled the same route. Grigsby stayed at the camp with appellants' other employees, and all took their meals at the same boarding house. Grigsby's meals were paid for by appellants. There is proof that they also paid for the oil and gasoline used in the truck driven by Grigsby and for the repairs. They testified, however, that the cost of Grigsby's meals and of the gasoline, oil, and repairs was deducted from his earnings and the balance was applied on the purchase price of the truck. A significant circumstance is that appellants' bookkeeper was not introduced as a witness to show the amounts charged to Grigsby and the amounts credited on the purchase price of the truck. So far as disclosed by the record, appellants could have discharged Grigsby at any time.

From the foregoing facts, the jury could reasonably infer that Grigsby was appellants' employee and not an independent contractor. The fact that the truck was licensed in the partnership's name raises a presumption that it was owned by it. Wright v. Clausen, 263 Ky. 298, 92 S. W. (2d) 93. Ownership of the truck, however, is not decisive of the question. Grigsby, though the owner of the truck, may have been an employee, and, on the other hand, he may have been an independent contractor though appellants were the owners of the truck. None of the foregoing circumstances standing alone is decisive of the issue. Ownership of the truck,

mode of payment, right of discharge of the operator of the truck at any time, and other circumstances shown by the evidence are elements to be considered in determining whether Grigsby was an employee or an independent contractor. The fact that Grigsby hauled for others than appellants or even engaged in the business of general hauling is merely a circumstance to be considered with other facts and circumstances of the case in determining his status. Irvin v. Madden, 281 Ky. 7, 134 S. W. (2d) 942; Messmer v. Bell & Coggeshall Co., 133 Ky. 19, 117 S. W. 346, 19 Ann. Cas. 1; Eber v. Bauer, 252 Mich. 571, 233 N. W. 419; annotations in 20 A. L. R. 684 and 120 A. L. R. 1031; 27 Am. Jur. Independent Contractors, Sections 13 and 21. In Irvin v. Madden, supra, the evidence was very similar to the evidence in the present case, and it was held sufficient to sustain the jury's verdict that the truck driver in that case was an employee and not an independent contractor.

Appellants insist that even if it be conceded that Grigsby was appellants' employee, yet the evidence shows he was acting without the scope of his employment at the time of the accident. Grigsby left appellants' camp in Lawrence county with a load of staves on the day of the accident and drove to Ashland. The staves were unloaded and he remained in Ashland for several hours. During that time he visited a theatre and other places. The accident happened on his return trip to appellants' camp in Lawrence county. Appellants accepted his work and paid him for the trip. It may be conceded that he stepped aside from his employment while he was in Ashland, but he resumed the role of employee when he started on the return trip to Lawrence county.

While the weight of the evidence tends to sustain appellants' theory that Grigsby was an independent contractor, yet it is our opinion that there was sufficient evidence to sustain the verdict of the jury in finding that he was an employee of the appellants at the time of the accident.

The judgment is affirmed.