KENTUCKY POWER COMPANY, a Corporation, Appellant,

v.

Virginia THOMPSON, an Infant over 14 Years of Age, by her Father and Next Friend, Kelly Thompson, Appellee.

Court of Appeals of Kentucky.

April 22, 1960.

Rehearing Denied June 24, 1960.

Harbison, Kessinger, Lisle & Bush, Lexington, O. J. Cockrell, Jackson, for appellant.

James S. Hogg, Jackson, J. Douglas Graham, Campton, for appellee.

STEWART, Judge.

This appeal is from a judgment entered on a verdict rendered in favor of appellee, Virginia Thompson, in the amount of $3,200. This sum was assessed for damages due to injuries claimed to have been received by her when she was allegedly struck by a truck owned by appellant, Kentucky Power Company. Appellant's truck was a 1954 Chevrolet with an empty pole-carrier trailer attached.

The sole ground urged for reversal of the judgment is that appellant's motion for a directed verdict, made at the conclusion of all the testimony introduced, should have been sustained.

The evidence, which is in hopeless conflict, discloses that on the morning of May 28, 1957, appellee and her friend, Margie Neace Bush, were walking along a dirt road near the hamlet of Little in Breathitt County. This passageway is described in the briefs as being 12 to 13 feet wide. Appellant's truck driver's testimony characterized it as being just wide enough for one truck to traverse and he insisted that "two vehicles can't pass on it." While the girls were proceeding along the left side of the road, they heard appellant's truck approaching from the rear. According to their testimony they looked back and saw the truck coming toward them some 75 yards away, traveling in the center of the road.

Appellee testified she stepped a "half of a foot" off the edge of the roadway, into the weeds growing at the edge of the traveled portion; and this remark was amplified by the statement that she was "just enough off the road that I thought the truck wouldn't hit me." At this location, the roadway curves somewhat to the right. When off the road appellee turned her back to it and waited for the truck and trailer to go by. She stated something hit her in the small of her back and knocked her about 10 feet.

Appellee thereafter complained to her parents of back trouble, and when she was taken to certain doctors her condition was diagnosed as muscle strain of the lower back region with the possibility of a disc injury. She claimed her impairment was caused by something striking her in the small of the back at the time the truck and trailer passed her.

Margie Neace Bush testified she waited until the truck passed and, not realizing a trailer was hooked onto it, she stepped

back into the road and the left rear wheel of the trailer struck and bruised her arm. This witness also stated that appellee was standing to her left at the time and was not touched by either the truck or the trailer; and, further, that the truck and trailer were on the road at the time it proceeded by them.

Soon after the accident, the girls went to a nearby store where band-aids were put on the Bush girl's arm. Appellee did not mention any injury then, but at the trial she testified that in the late afternoon she told her parents her back was hurt. In her pre-trial deposition, taken on July 31, 1957, for the purpose of discovery, she reported she had no abrasions or skinned places on her body from the purported accident; and that she had not seen any witnesses at or near the scene of the mishap and had heard of only one who was there, namely, Willie Allen. At the trial, however, she stated she had a "red place" on her back. She also produced in her behalf two more witnesses besides Allen who testified to seeing the truck collide with her, these being her brother, McKinley Thompson, and a young man named Lee Hall. These persons located themselves at a well 450 feet away, where they were getting a drink of water. They testified the "trailer hit the girls" while both of the latter were standing off the road.

A 12-year-old girl, Susie Turner, testified she observed the accident from 75 yards away. She said both girls moved to the side of the roadway to allow the truck to pass; that Margie Neace Bush stepped back into the road and was struck by the trailer; and that appellee never made contact with the truck or trailer.

Appellee offered no evidence regarding the speed of the truck and trailer or their location with respect to the roadway; or regarding the actions of the truck driver at the time of the supposed accident; or regarding the position of appellee in relation to the road at the time of her alleged contact with the truck or trailer. Appellant's driver and his helper denied any accident occurred and testified they were keeping a lookout and maintaining a legal rate of speed. They also offered evidence that the truck was being driven in the center of the road, and that appellee was not struck by either the truck or the trailer.

Appellant's main contention is that there is no proof in this case to the effect that it was guilty of any negligence. It points out that its driver was operating the truck at a conservative rate of speed. Furthermore, it directs our attention to the fact that it was not shown its driver failed to keep a proper lookout or that he did not have the truck under reasonable control. Therefore, appellant argues that had appellee remained off the roadway where she was at the time the truck passed her she would not have been struck later by the trailer. This viewpoint tends to create the impression that appellee deliberately stepped into the side of the truck and thereby brought about her own injury, if in reality she was injured.

Appellee's theory as to the cause of the accident is thus summed up: She asserts her proof revealed she was standing all the way off the road on the left-hand side when she was hit by a vehicle which, when last seen some 75 yards away, was bearing down the middle of the road. She maintains that thereafter appellant's driver negligently swerved to his left-hand side of the road and thereby caused his trailer to swing sidewise on the curve and strike her. From this line of reasoning, the position is taken that the driver of the truck did not exercise ordinary care to keep all parts of his vehicle upon the roadway and at a safe distance from persons who were properly walking along the left shoulder. It appears the jury accepted appellee's explanation of the accident.

■ A consideration of the contention advanced by appellant, which if believed would exonerate it from liability, and that put forward by appellee, which if taken as

true would throw the blame on appellant for her injury, makes it manifest this was a jury case. The evidence here not only permitted the jury to arrive at a reasonable inference of lack of negligence upon the part of appellant's driver, but it likewise allowed them to find its driver at fault under the facts presented.

However, appellant presses the point that, even assuming its driver was operating the truck on the occasion in a careless manner, appellee herself was guilty of contributory negligence. This assumption is predicated upon appellee's statement that she stepped "half of a foot" off the edge of an extremely narrow road in order to let the truck go by, and that she then turned her back to it. It is asserted that if appellee had been keeping close watch on the movement of the truck and trailer, she could have resorted to precautionary measures necessary to avoid receiving her injury.

It will be recalled the road was 12 to 13 feet wide. Although the evidence does not reveal the exact width of the truck in question and the particular trailer hitched onto it, we may assume their width did not exceed the statutory allowance in this respect of eight feet. See KRS 189.-221(1). Such a truck and trailer, operated upon a 12 or 13 foot roadway, if properly driven, would leave a space of four to five feet between its left side and the left side of the road. Indeed, if the margin on the left side of the road was extremely limited as regards standing room (it was testified to as being only a foot in width and, in addition, as being on top of an embankment), we be-

lieve appellant's driver, seeing appellee with her back toward the truck and trailer and also unquestionably noting she and the other girl were in a position of possible peril, would have been under a duty either to stop his truck before reaching them or to move by them so carefully and slowly as to reduce the chance of striking them almost to zero. See Johnson v. Morris' Adm'x, Ky., 282 S. W.2d 835.

A comprehensive instruction was submitted to the jury as to whether or not appellee was exercising ordinary care at the time she was injured, and the jury by its verdict determined that she was not chargeable with contributory negligence. We have stated we believe the question of appellant's negligence was for the jury to decide. We here state we have the same view concerning the question of appellee's contributory negligence.

It must be stated that appellee's conduct and her own conflicting testimony in respect to this mishap, as well as the persuasive evidence given by other witnesses during the trial, cause the writer of this opinion to doubt seriously whether appellant's truck or trailer ever struck or, much less, injured her. However, it is not the function of this Court to usurp the prerogative of a jury and decide as a matter of law which witnesses are worthy of belief and which are not. See Louisville & Nashville R. Co. v. Klempner Bros., Ky., 264 S.W.2d 276. The jury in the instant case believed her version of the incident and we must abide by their decision.

Wherefore, the judgment is affirmed.