Hubert JEWELL and William O. Isbell, Appellants,

v.

Mrs. Ray R. OGLESBY, Appellee.

Court of Appeals of Kentucky.

April 29, 1966.

Carroll M. Redford, Redford & Redford, Glasgow, for appellants.

Marvin M. Sotsky, Louisville, Richardson, Barrickman & Dickinson, Glasgow, for appellee.

WILLIAMS, Judge.

This is an automobile accident case in which the appellants Hubert Jewell and William O. Isbell appeal from a judgment on a jury verdict awarding appellee Mrs. Ray R. Oglesby $10,000.

The accident happened on the morning of August 30, 1963, at a point within the city limits of Cave City, on U. S. 31–W. The day was clear and dry. Appellee was traveling south at a speed of approximately 30 to 35 miles per hour, accompanied by her brother-in-law, Willie Morton, and her daughter. Appellee attempted to pass a milk truck going in the same direction,

owned by appellant Hubert Jewell, and being driven by appellant William O. Isbell. It is undisputed that appellee did not sound her horn. The stretch of road where she attempted to pass was a passing zone. The speed limit was 45 miles per hour. As appellee started to pass, appellant attempted to turn left into the Whitney Woods Road (an unmarked blacktop side road). Appellee's right front bumper first made contact with the truck somewhere near the middle of the left side of appellant's truck.

Both appellee and her passenger Willie Morton testified that they did not see a left turn blinker light. It is undisputed that no arm signal was given. Appellant Isbell testified that he gave a left turn blinker signal and the blinker light inside the cab was working. Robert J. Norris, a truck driver who was approaching from the other direction, testified that the left front blinker was working before appellant attempted to turn left. He also testified that after the accident he got in the truck, turned on the ignition and the left blinker, got out and saw that the rear blinker was working. A state trooper, James Evans, testified that he tested the turn signals about 30 minutes after the accident and after the truck had been moved off the road, and that the left front signal was working but the left rear signal was not working. The trial judge submitted the case to the jury under four different instructions.

■ Appellant first contends that there was no substantial evidence of negligence on his part and a directed verdict in his favor should have been given. However, there was testimony to the effect that no signal was given and also that the left rear signal was not working after the accident. Although there was positive testimony that the appellant driver gave a signal for 150–200 feet before attempting to turn, there was sufficient evidence of negligence on appellant's part to create a jury issue.

■ Appellant's next contention is that appellee's failure to sound her horn constitutes negligence *per se* as a violation of KRS 189.340(1). However, we said in Wright v. Clausen, 263 Ky. 298, 92 S.W. 2d 93 (1935), that the violation of a statutory duty does not bar the right to recovery unless the violation was the proximate cause of the injury. See also Blackburn v. Kentucky & West Virginia Power Co., Ky., 243 S.W.2d 995 (1951). In Instruction No. 2, the court established the duties of appellee and made it possible for the jury to find for the appellant if the failure of the appellee to perform any of the duties set out so contributed "to the collision that but for same such collision would not have occurred." According to Wright v. Clausen, supra, this was the correct contributory negligence instruction and was clear and accurate.

■ The case was properly submitted to the jury, and their unanimous verdict must stand. The evidence of negligence was sufficient to sustain the verdict of the jury. See Hilsenrad v. Bowling, 292 Ky. 368, 166 S.W.2d 847, at 849 (1942); CR 50.01.

The judgment is affirmed.

PALMORE, J., dissenting.

PALMORE, Judge (dissenting).

When a vehicle making a left turn is hit by an overtaking vehicle attempting to pass to its left, and it is undisputed that the driver of the overtaking vehicle did not give the horn signal required by KRS 189.-340(1), then in the absence of evidence to the contrary (for example, that the driver of the turning vehicle had observed the attempt to pass before turning) I do not see how reasonable men can avoid the conclusion that the failure to sound the horn is a proximate cause of the accident. That is the very thing the statute was designed to prevent. I would overrule cases to the contrary. I did not participate in the recent case of Lareau v. Trader, Ky., 403 S.W.2d 265 (decided December 17, 1965), but would have dissented from that opinion on the

same ground. It is my firm conviction that the horn statute is the law all the time and that under facts comparable to the evidence in this and the Lareau cases its admitted violation is a proximate cause as a matter of law.