Johnny MILLER et al., Appellants,

v.

John W. POOLE et al., Appellees.

Court of Appeals of Kentucky.

Dec. 8, 1967.

J. L. Richardson, Jr., J. L. Richardson, III, Richardson & Richardson, Louisville, for appellants.

James G. Bowman, Hogan, Taylor, Denzer & Bennett, Louisville, for appellees.

DAVIS, Commissioner.

Johnny Miller and Paul Miller, his younger brother, were injured when they were struck by an automobile operated by Stanley Poole along Greenwood Road in Jefferson County in the early evening hours of November 24, 1963. The Miller boys were on a bicycle at the time of the accident. A jury returned its verdict for the appellees, Stanley Poole and his father, and judgment was entered dismissing the complaint. The appellants attack the judgment, asserting: (1) that the evidence of Stanley Poole established his negligence as a matter of law, and (2) that the lower court erred in refusing a last clear chance instruction.

The record presents a somewhat unusual situation in that the version of the accident as related by the Miller boys is so utterly at variance with the account given by Stanley Poole. According to the evidence of the Miller brothers, they were not on the street at the time of the accident but were situated four to five feet off the surface of the highway, with Johnny Miller straddling the bicycle with both feet on the ground and Paul Miller straddling the front tire of the bicycle facing toward Johnny. According to the version of the Millers, the bicycle was not in motion and not on the traveled portion of the street at all.

On the other hand, Poole testified that he was driving eastwardly along Greenwood Road with his headlights on when he observed the Miller brothers on a bicycle about 70 or 80 feet ahead of him, traveling in the same direction he was going. At that time, Poole said, he was traveling at about 20–25 miles per hour, Johnny Miller was pedaling the bicycle, and Paul was riding on the handlebars. Poole admitted that he did not sound his horn and did not slacken his speed as he continued to overtake the bicycle, but explained that he drove the car to the left of the center of the highway so that the left wheels were about two feet to the left of the center line in the direction in which Poole was going. Poole said that just as his car came within ten or fifteen feet of the Millers, the bicycle swerved suddenly some 3½ to 4 feet to its left, and the collision occurred so suddenly that he was unable to avoid it.

Poole admitted that he noticed a rural type mailbox situated on the south side of the road and that he realized that the bicycle would have to veer to its left in order to clear and pass the mailbox. Poole said that there was no traffic meeting him which would have precluded his getting farther over into the left lane as he undertook to pass the bicycle. It was shown that Poole had stated to an officer at the scene of the accident that he had not seen the boys at all prior to the collision, but his testimony at the trial was to the contrary.

In giving his testimony, Poole said that he was quite familiar with Greenwood Road and that he was aware that children frequently played on and about the road. He

said that he recognized that the occupants of the bicycle were children (Johnny Miller was about 15½ and Paul was about 9) and anticipated that they might turn out in front of him.

In urging that Poole was negligent as a matter of law, based upon his own testimony, the appellants call attention to Mackey v. Spradlin, Ky., 397 S.W.2d 33; Rabold v. Gonyer, 285 Ky. 618, 148 S.W.2d 728; Bybee Bros. v. Imes, 288 Ky. 1, 155 S.W.2d 492; Kentucky Power Co. v. Thompson, Ky., 335 S.W.2d 915; and Strode v. Campbell, 311 Ky. 525, 224 S.W.2d 673. In addition to the authorities just cited, the appellants rely on Johnson v. Shattuck, 125 Conn. 60, 3 A.2d 229; and Avery v. Collins, 171 Miss. 636, 157 So. 695, 158 So. 552. Appellants call attention to text authorities including Prosser, Torts, Page 138 (2d Ed. 1955) for the proposition, "there are many situations in which the hypothetical, reasonable man would be expected to anticipate and guard against the conduct of others."

■ We deem it unnecessary to attempt a detailed analysis of each of the authorities relied upon by appellants as we conclude that the rationale of Lareau v. Trader, Ky., 403 S.W.2d 265, forecloses the argument that Stanley Poole was guilty of negligence as a matter of law. In Lareau, we specifically refused to apply the principle of awareness of the propensity of very young children to come suddenly into positions of peril to a bicycle rider aged 13 years, 8 months. It seems to us that a jury issue was presented from Poole's evidence as to whether he exercised ordinary care in the circumstances confronting him as he saw and undertook to pass the boys on the bicycle. It is significant that in the Lareau case the automobile driver had pulled over so that her left wheels were on or around the center line of the highway, whereas Poole's evidence indicates that his car was two feet to the left of the center line. In Lareau, the motorist had not slackened her speed nor given a warning, and the entire left lane was open to her; yet we held that she was not, as a matter of law, negligent.

■ It was contended in Lareau v. Trader, Ky., 403 S.W.2d 265, that a last clear chance instruction should have been given in behalf of the bicycle rider. We held there that the trial court properly refused a last clear chance instruction. The facts in the case at bar do not present as strong a basis for a last clear chance instruction as did the facts in Lareau v. Trader, supra, and we are unable to perceive any basis here for giving such an instruction. It must be remembered that the trial court submitted the case to the jury by instructions incorporating the separate, factual theories adduced by the Miller brothers and Stanley Poole. In the theory relied on by the Miller brothers, there was no presentation of a last clear chance situation, and the account given by Poole did not reflect that he had a last clear chance to avoid the accident, inasmuch as he testified that the bicycle swerved 3½ to 4 feet when he was within ten to fifteen feet of it and when he could take no other step to avoid the accident.

The judgment is affirmed.

WILLIAMS, C. J., and HILL, MILLIKEN, MONTGOMERY, OSBORNE, and STEINFELD, JJ., concur.

PALMORE, J., dissents.

PALMORE, Judge (dissenting).

I dissent for the same reasons stated in my dissenting opinion in Jewell v. Oglesby, Ky., 402 S.W.2d 439, 440 (1966).