**Edward Bodden, Defendant in Error, v. Morris St. P. Thomas, Plaintiff in Error.**

**Gen. No. 20,060.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JAMES C. MARTIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Affirmed. Opinion filed April 22, 1915.

## Statement of the Case.

Action by Edward Boddin against Morris St. P. Thomas, impleaded with Morris St. P. Thomas, as trustee under the will of Lyman Trumbull, deceased, in the Municipal Court of Chicago, for damages in the sum of one thousand dollars, against Morris St. P. Thomas, sued both as an individual and as a trustee under the will, for personal injuries reeceived on account of a defect in the stairway of a building, where he was rooming, under the supervision of the defendant lessor. Trial before a court and jury. The court sustained a motion to find the defendant not guilty as trustee and overruled a motion to find the defendant not guilty as an individual. The jury returned a verdict against the defendant, but it did not appear from the verdict whether it was against the defendant as a trustee or as an individual. Judgment on the verdict. Defendant brings error.

JACOB E. DITTUS, for plaintiff in error.

EARL J. WALKER, for defendant in error.

MR. JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. TRIAL, § 246*—*when defendant cannot object to verdict as uncertain.* Where in an action against a defendant, both as an individual and as trustee under a will, the court at the close of plaintiff's evidence instructed the jury to return a verdict for the defendant as trustee, and while the cause was not formally dismissed as to defendant as trustee, the subsequent conduct of both the court and defendant's counsel showed that both were of the opinion that the suit had been in effect dismissed as to defendant in such capacity, the defendant cannot insist in the Appellate Court that a verdict finding the "defendant guilty" was uncertain, because it did not show whether it was against him individually or as trustee, or in both capacities.

2. LANDLORD AND TENANT, § 230*—*when required to keep stairways and halls in safe condition.* A landlord who leases separate portions of the same building to different tenants, reserving the halls, stairways or other approaches for the use of his tenants, is under an implied duty to the tenants, their boarders, agents and servants to use reasonable diligence to keep such halls, stairways or approaches over which he has reserved control, in a reasonably safe condition.

3. LANDLORD AND TENANT, § 232*—*when notice of defect must be shown.* A landlord is chargeable with negligence in failing to keep the common passages and stairways in repair, only after notice of the existence of the dangerous condition, or after the defect has continued for such a length of time as to charge him with constructive notice.

4. LANDLORD AND TENANT, § 232*—*when landlord chargeable with constructive notice of defect.* Where in an action against a landlord for injuries sustained by a member of the tenant's household caused by the defective condition of a stairway used in common in an apartment house, there are facts and circumstances in evidence from which the jury may reasonably infer that defendant in the exercise of reasonable diligence could have discovered the defective condition, the defendant may be charged with constructive notice thereof.

5. LANDLORD AND TENANT, § 258*—*when will admissible in action against landlord for injury.* In an action for personal injuries against the lessor of premises in his capacity as trustee under a will and as an individual, the will is properly admitted in evidence to show that defendant had control of the property, although the action was dismissed against him in his capacity as trustee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.