### Home Realty Company v. Carius.

(Decided October 8, 1920.)

Appeal from Kenton Circuit Court
(Criminal, Common Law and Equity Division).

1. Landlord and Tenant—Passway—Repairs.—The owner of premises leased to two or more different tenants with an approach or

passageway for the convenience of all and used in common by them will be deemed, nothing to the contrary appearing, in possession of such portion or approach and bound to keep it in repair at his own expense, and be liable to a tenant for injury happening through a defect therein of which the landlord had notice, where the tenant is without fault.

2. Landlord and Tenant—Repairs.—Where premises are let to two or more tenants and the landlord retains control over certain portions used in common by the several tenants he must exercise reasonable diligence to keep such reserved parts in safe condition for use of the tenants.

3. Landlord and Tenant—Defective Condition of Premises.—Knowledge on the part of a tenant of the defective condition of steps used in common by several tenants and which are practically the only means of ingress and egress to the premises, does not estop the tenant from prosecuting a suit for damages, on account of injuries caused by the condition of said steps.

4. Landlord and Tenant—Use of Passway.—Mere continued use of a common passageway, after knowledge of its dangerous condition, is not of itself conclusive evidence of a lack of due care on the part of the tenant.

5. Evidence—Records.—It is not error to refuse to permit the introduction in evidence of portions of records in previous suits in which plaintiff was a party where the full effect of such records was obtained on the cross-examination of plaintiff.

S. D. ROUSE for appellant.

B. F. GRAZIANI for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

We will designate the parties to this appeal as they appear in the court below.

Plaintiff and her husband rented from the defendant the lower part of a dwelling in the city of Covington, consisting of three rooms and a hall, to each of which was a door leading to the outside.

A family by the name of Green occupied the second floor. The only means of ingress and egress to the upstairs apartment was through the hallway on the first floor, and over the stone steps, three in number, leading thereto.

In December, 1917, the steps began to recede from the building and from that time until the accident to plaintiff, it is testified the top step was loose and wobbly. Both parties had knowledge of the condition of this step and defendant had instructed its agent two months before the accident to have it repaired, but this was not done.

About nine o'clock p. m., July 17, 1918, plaintiff started to remove a hose from the walk beside the house and as she put her foot on the top step she says it threw her; in falling she struck her head against some object and recalled nothing further as to how the accident happened. She was confined to her bed for several weeks and suffered various injuries for which she recovered a verdict of $1,000.00 and to reverse which the defendant has prosecuted this appeal.

It is generally conceded that the landlord is under no implied obligation to repair the demised premises in the absence of a contract to that effect, nor is he responsible to a tenant for injuries to persons or property caused by defects therein, where there has been no reservation on the part of the landlord of any portion of the rented premises. In such cases the law applies to the contract or lease the doctrine of *caveat emptor.* Franklin v. Tracy, 117 Ky. 267, 77 S. W. 1113, 63 L. R. A. 649. To same effect is Miles v. Tracy, 28 Rep. 621, 89 S. W. 1128, 4 L. R. A. (N. S.) 1142, wherein it was sought to hold the landlord liable because of alleged defects in the wall of the building rented by appellant; the court holding that the pleadings showed the possession of the entire premises had been parted with. Where a landlord leases separate parts of the same building to different tenants and retains exclusive control of certain portions thereof, such as steps, stairways, halls, etc., which are used in common by all the tenants, the landlord is under an implied obligation to use reasonable diligence to keep such reserved parts in safe condition for the use of the tenants. As to the portion of the premises which he has leased, the landlord is exempt from liability to repair both as regards the tenants and third persons for the reason that he has surrendered to his tenants exclusive possession and control of the respective leased premises. The parts of a building which are subject to the necessary use which the tenants may make of them in connection with their enjoyment of the possession and use of their separate apartments must be kept in repair by the landlord, not because of any contract on his part, express or implied, but because of the supervision and control which he still retains over all parts of the premises not expressly demised to his tenants. In other words his responsibility arises from negligence. King & Metzger v. Cassell, 150 Ky. 537, 150 S. W. 682, 42 L. R. A. (N. S.) 774; Peil v. Reinhart, 127 N. Y. 381, 27 N. E. 1077, 12 L. R. A. 843; Bodden v. Thomas, 192 Ill. App. 348; LaPlante

v. LaZear, 31 Ind. App. 433; 68 N. E. 312; 16 R. C. L. 1037; Jones on Landlord and Tenant, section 614; Underhill on Landlord and Tenant, section 45.

Satisfied as we are that the steps leading to the hall were necessarily used by the different tenants, the duty devolved upon defendant to exercise reasonable care to keep same in a proper state of repair, and the evidence was sufficient to warrant the conclusion that the condition of the steps was such as to justify an apprehension of danger in their use, therefore, defendant was chargeable with negligence in suffering same to remain in such condition, and is liable to plaintiff for any injuries sustained thereby, unless plaintiff's negligence contributed to her injury.

It is urged that plaintiff's equal knowledge with defendant of the condition of the steps bars her right to recover herein. We cannot agree with this contention. These steps constituted practically the only means of access to the two apartments and were used by both tenants, facts necessarily known to the landlord. Because of their inaccessibility and condition the other entrances were seldom used.

Mere continued use of a common passageway, after knowledge of its dangerous condition, is not of itself conclusive evidence of a lack of due care on the part of the tenant, since such knowledge does not require the tenant to desist from using same in a careful manner, nor render the careful use of same contributory negligence. Looney v. McLean, 129 Mass. 33, 37 Am. Rep. 295.

It is said plaintiff's accident could have happened in any one of three ways, for only one of which the defendant was liable, and therefore the jury could do no more than guess as to the cause of her fall. We do not so understand the evidence, as plaintiff positively stated that when she put her foot down the step threw her. See Dodson v. Herndon, 147 Ky. 181, 143 S. W. 1011.

Refusal of the court to permit defendant to introduce in evidence portions of the records in two previous suits instituted by plaintiff against other defendants, for injuries which she claims to have suffered, is urged as error, but without discussing the competency of this evidence it is sufficient to say plaintiff was examined at length by defendant's counsel about these several matters and the full effect thereof was obtained by defendant in his thorough cross-examination.

Complaint is also made of the instructions, those given and refused, but we do not deem it necessary to quote

these instructions at length. The issues raised by the pleadings and proof were fairly presented to the jury and we find no error therein.

It is further claimed the amount of the verdict was excessive. Two juries heard the case, the first verdict was for $1,045.00, the second for $1,000.00. The injuries considered we do not deem the award excessive.

Judgment affirmed.