# Rodgers v. Stoller et al. (two cases).

Oct. 15, 1940.

Joseph J. Hancock, Judge.

Frank E. Daugherty and Garland R. Hubbard for appellants.

Morris & Garlove for appellees.

OPINION OF THE COURT BY JUDGE CAMMACK—Reversing.

On December 31, 1937, Mrs. Bessie Rodgers was living on the second floor of an apartment building in Louisville owned by the appellees. There was another apartment on the same floor as the Rodgers apartment. These apartments were separated by a small hall approximately eight feet in length. Mrs. Rodgers sustained severe. and permanent injuries when she fell down the flight of stairs leading from the hallway to the street on the night of December 31st. The accident occurred as she was going from her apartment to the one across the hall.

It was the duty of the appellees, defendants below, both by statute and city ordinance, to light the stairway and hall at night. It is undisputed that there had been no such light for several months prior to the accident.

Mrs. Rodgers sought damages for her injuries and Mr. Rodgers sought to recover for the loss of his wife's services. Peremptory instructions were given in favor of the appellees at the conclusion of the plaintiffs' evidence; hence these appeals.

There were no witnesses to the accident. Mrs. Rodgers had come up the stairs to her apartment around 7:30 in the evening and shortly thereafter had gone to the apartment across the hall. She testified that she had told the occupants of that apartment that she would come back to their place before midnight. She arose from bed around 11:30, went into the unlighted hall and started across it to see her neighbors. Her testimony as to the accident is as follows:

"35. State to the jury your direction, and what happened there? A. As I said, I got up and started to go back to fulfill my agreement with the old people, I would be back with them and hear the whistles.

"36. You were going down the hall? A. I was feeling my way. You could not see.

"37. Was there any light there in the hall? A. No. No light.

"38. Was there any light there in your little hall? A. No.

"39. Was the Klein door open or shut? A. It was closed.

"40. You were feeling your way along the hall, and what happened? A. That is all that happened, I went down the steps and didn't know anything for ten days.

"41. Did you reach for the door? A. There was a screen door there and I had reached for the screen door.

"42. Which way did the door open, over towards the steps, or away from the steps? A. Back this way from the stairs.

"43. Was the handle over towards the steps?
A. Yes, sir.

"44. And it opened this way (Indicating)?
A. Yes, sir; that is right.

"45. In other words, you had to pull the door open and you got out in front? A. That is right.

"46. Do you recall whether you had your hand on the knob of the door, or reaching for it? A. No, I remember I was trying to get in there, and that is all I know. I didn't know anything for ten days."

The appellants insist that the failure on the part of the appellees to keep the hall and stairway lighted was negligence per se, and that whether the unlighted condition of the hall and stairway was the proximate cause of Mrs. Rodgers' injuries was a question for the jury; and that Mrs. Rodgers was not contributorily negligent as a matter of law in using the unlighted hall. The appellees' contentions are that Mrs. Rodgers failed to sustain the burden of proof showing that the failure on the part of the appellees to light the hall and stairway was the proximate cause of her injuries, and that she was guilty of contributory negligence as a matter of law. The trial judge gave the peremptory instructions in favor of the appellees on the idea of assumed risk on the part of Mrs. Rodgers when she went into the unlighted hall.

It is admitted that the appellees violated a statutory duty in not having the stairway and hall lighted; but the conceded violation of a statutory duty does not of itself justify a recovery in damages therefor. Wright v. Clausen, 263 Ky. 298, 92 S. W. (2d) 93. In 25 A. L. R. 1315, it is said:

"In some jurisdictions statutes are to be found which specifically require the halls and stairways of apartment houses to be kept lighted during certain hours; it is generally held that the negligent failure on the part of a landlord to perform the obligations thus imposed will render him liable for any injury to a tenant, or person in privity with a tenant, where the unlighted condition of the hall or stairway is the proximate cause of the injury."

The appellees earnestly insist that Mrs. Rodgers'

testimony as to what happened when she fell down the stairs does not show that their failure to light the hallway was the proximate cause of her injury. They cite the recent case of Kroger Grocery & Baking Company v. Spillman, 279 Ky. 366, 130 S. W. (2d) 786, and others, wherein we have pointed out that the jury should not be permitted to speculate as to the cause of the, injury. But we can not agree with the interpretation placed by the appellees on Mrs. Rodgers' testimony, their interpretation being that she admitted that she did not know how the accident occurred. We think that her testimony, as heretofore quoted, is sufficient to take the case outside the scope of those cases wherein we have said that the jury should not be permitted to speculate as to the cause of the injury. Mrs. Rodgers went into the small, unlighted hallway and proceeded by feeling her way along the hall to the opposite door. As she was reaching for the screen door which opened at the front of the hall and toward the side from which the stairway descended, she fell. For the jury to determine that the appellees' failure to light the hall and stairway was the proximate cause of Mrs. Rodgers' injury would not be a matter of speculation.

As to whether Mrs. Rodgers was contributorily negligent, is a question for the jury. Knowledge on her part that the hallway had been unlighted for several months cast upon her the duty of exercising due care for her own safety, but due care on her part should not be interpreted to mean that she used the hall at night at her own peril. Home Realty Company v. Carius, 189 Ky. 228, 224 S. W. 751; Richmond v. Standard Elkhorn Coal Company, 222 Ky. 150, 300 S. W. 359, 58 A. L. R. 1423. We find no place in this case for the application of the doctrine of assumed risk. That doctrine may be applied where none of the fault of the injury rests with the plaintiff, but where the plaintiff assumes the consequences of injury occurring without his fault—the injury occurring through fault of the defendants, fault of a third person, or fault of no one. L'Heureux v. Hurley, 117 Conn. 347, 168 A. 8. It is pointed out in 18 R. C. L. 680, that a very decided majority of the later cases declare that assumption of risk may not be set up by an employer who has violated his statutory duty. It strikes us that the same reasoning should apply in a case such as the one before us. This seems to be the position

taken by the Supreme Court of Errors of Connecticut in the L'Heureux case. See 25 A. L. R. 1336, 1337, for cases involving the doctrine of assumed risk.

It follows from what has been said that the trial court erred in granting peremptory instructions in favor of the appellees at the conclusion of the evidence offered by the appellants.

Wherefore, the judgment is reversed, with directions for proceedings consistent with this opinion.