## SCHUCKMAN v. CASSELL.

Court of Appeals of Kentucky.
Oct. 24, 1952.

I. R. Gumer, Louisville, for appellant.

Ollie James Cohen, Louisville, for appellee.

COMBS, Justice.

The appellee, Sarah Cassell, was injured in a fall on an unlighted stairway in an apartment house in Louisville where she lived as a tenant of the appellant. A jury awarded her damages in the amount of $2,000 and this appeal is from a judgment entered on the jury's verdict.

The sole question is whether the appellant was entitled to a peremptory instruction in her favor. The answer to the question turns on whether appellant's building was a "tenement house" within the meaning of Chapter 101, Kentucky Revised Statutes, which applies to cities of the first class. If it was, then appellant was under a statutory duty to have a light burning in the hall. The statute—KRS 101.010(q)—defines a tenement house as "any building, or portion thereof, that is occupied as the residence of three or more families living independently of each other, doing their cooking upon the premises, and having a common right in the halls, stairways, yard, cellar, water closets or privies, or some of them. It includes apartment and flat houses."

The building consisted of two stories. The appellee and her son occupied the second floor. A Mr. Gibbs, whose family consisted of his wife and one child, lived on the first floor. Gibbs' lease contained a prohibition against sub-leasing without the written consent of the lessor. In spite of the provision in his lease, Gibbs rented one of the first-floor rooms to his sister-in-law, Miss Broyles. It is undisputed that Miss Broyles cooked in her room and otherwise maintained a separate household of her own. All the tenants used the hallways in common, as well as the one bathroom which was located on the second floor. Miss Broyles testified that the appellant visited in her room on a number of occasions, and it appears she had full knowledge of the arrangements under which the tenants lived.

In view of the fact three separate households were maintained in the building, with the knowledge, if not the express consent of the appellant, and that all of the tenants used the halls, stairways, and the one bathroom in common, we are unable to escape

the conclusion the building was a tenement house within the meaning of the statute.

Since appellant's building was a tenement house, and since she failed in her statutory duty to keep a light burning in the hall, the questions of contributory negligence and proximate cause were properly submitted to the jury. Rodgers v. Stoller, 284 Ky. 108, 143 S.W.2d 1047.

There is no contention the damages are excessive and we find no merit in the argument that the verdict is against the weight of the evidence.

The judgment is affirmed.