**William HENNING, Appellant,**

**v.**

**Hanna SCHNEIDER, Appellee.**

Court of Appeals of Kentucky.

May 13, 1955.

Alex Berman, Louisville, for appellant.

Norman A. Curtis, Louisville, for appellee.

CAMMACK, Judge.

This action was instituted by William Henning against Hanna Schneider, the owner of the tenement house where Henning resided, to recover damages for personal injuries received by him when he fell in the brick passageway leading from the tenement house to the street. The case was submitted to the jury, which returned a verdict in favor of the appellee. This appeal followed. The appellant urges reversal on the grounds that the court erroneously gave an instruction on contributory negligence and the verdict is not sustained by the evidence.

The appellant had resided at the tenement house for five or six weeks prior to the date of his injury. There were several families living in the building, all of whom had to use the passageway. The way was constructed of old brick and the evidence shows that one or two of the bricks were missing from a place in it. At the time of his injury, the appellant was carrying a small radio along the passageway. After a short conversation with another tenant the appellant proceeded along the passageway for a short distance, then stepped into the hole caused by the missing bricks. He fell, breaking his leg and injuring his head. The appellant testified that he had used the passageway an average of four times each day since he had resided at the tenement house. He testified also that he had not noticed the hole in the passageway previous to the time he fell. The accident took place in the afternoon, about 3:30 or 4:00 o'clock, and the appellant himself testified that there was sufficient light for him to have seen the hole if he had been looking where he was walking.

We think the evidence certainly created, at the most, an issue for the jury on the question of the appellant's contributory negligence. Constant use of the passageway by the appellant imposed upon him the duty of exercising due care for his own safety. Since he had used the passageway for five or six weeks, he knew or should have known its condition. See Rodgers v. Stoller, 284 Ky. 108, 143 S.W.2d 1047, and Taustine's Ex'r v. B. & B. Novelty Co., 305 Ky. 514, 204 S.W.2d 938. There was ample evidence to sustain the jury's verdict.

Judgment affirmed.