**CITY OF PINEVILLE, Kentucky, Appellant,**

v.

**Jessie SELVEY, Appellee.**

Court of Appeals of Kentucky.

May 2, 1958.

Cleon K. Calvert, Pineville, John Hopkins, Hazelrigg & Cox, Frankfort, for appellant.

James C. Helton, Golden, Helton & Golden, Pineville, for appellee.

CAMMACK, Judge.

This action was instituted by the appellee, Jessie Selvey, against the appellant, City of Pineville, to recover damages for personal injuries suffered in a fall alleged to have resulted from the city's negligence in maintaining a defective sidewalk. This motion for an appeal is from a judgment on a jury verdict which awarded the appellee $2,000. We are sustaining the motion and are reversing the judgment because we believe the appellee had assumed the risk of injury at the time she fell on the defective sidewalk.

On a morning in December 1956, before daylight, the appellee was walking to work. Her sister and another lady preceded her single file along an unlighted sidewalk on the outskirts of Pineville. All three were walking carefully to avoid falling because of defects in the sidewalk, of which they had been aware for some two or three weeks. The defects consisted of a raised section in the concrete and a fallen wire fence. Walking abreast was not feasible because the fence extended over a part of the sidewalk. The first two ladies traversed the area safely, but the appellee caught her heel in a crack in the walk. She fell and broke the two bones in her left forearm.

The city contends vigorously that the trial court erred in denying it a directed verdict because the evidence showed that the appellee had assumed the risk. It contends also that its motion for a judgment notwithstanding the verdict should have been sustained. The appellee argues that she took reasonable precautions for her own safety and was not required to walk in the street to avoid the defective sidewalk.

We think the holding in Morrison and Conklin Const. Co. v. Cooper, Ky., 256 S.W.2d 505, 507, is controlling here. In that case the injured party fell in walking across a wet and muddy lawn to avoid obstructions on the sidewalk caused by construction work. We said:

"It seems to us that appellee has mistaken the nature of the choice she had. While we may assume it was necessary to use this passageway to reach her home, she still had a choice to avoid injury. By the exercise of increased care, by obtaining a flashlight, or by resorting to other means for her own safety, traversing the lawn would not necessarily result in injury. This is shown by the fact that she had successfully walked across it earlier in the evening, and her husband who accompanied her did not fall on either trip. She cannot make appellant an insurer simply by asserting that she had no other choice to avoid injury."

In the case before us the appellee knew of the defects in the sidewalk. She had successfully traversed the defective area on prior occasions. The ladies who were with her on the morning she fell crossed without injury. Assuming that the passageway chosen was the only available route to the place of her employment, the appellee failed to show that she exercised the increased care which was required by her knowledge of the defect. Under the circumstances, she assumed the risk of injury.

Judgment reversed and case remanded for the entry of a judgment consistent with this opinion.