**Mary Frances BRYANT, Appellant,**

v.

**The KATHRYN SHOPPE, INC., Appellee.**

Court of Appeals of Kentucky.

Jan. 23, 1970.

Modified on Denial of Rehearing
Sept. 25, 1970.

John C. Ryan, Liebman & Ryan, Frankfort, for appellant.

William E. Johnson, Johnson & Burton, Frankfort, for appellee.

NEIKIRK, Judge.

Appellant, Mary Frances Bryant, slipped and fell in the entranceway of the store of appellee, The Kathryn Shoppe, Inc. Appellant alleged serious bodily injuries. After depositions were taken by both parties, appellee moved for a summary judgment. The trial court sustained the motion; hence this appeal. We affirm.

Appellant's store is located in the downtown section of Frankfort, Kentucky. The door to the front entrance is set back from the sidewalk approximately nine feet. The entranceway is a vestibule approximately eight feet wide at the sidewalk, narrowing to five feet at the door. Large plate-glass display windows are on each side of the vestibule. The floor of this entire area is covered with ceramic tile.

On November 2, 1966, during her lunch hour, appellant went to appellee's store with the avowed intention of returning some merchandise she had taken out on approval. Appellant testified that " * * * it was windy and blowing and sleeting and a little bit of rain and a little bit of snow all mixed up, * * *." She also testified, " * * * I think the whole place was dangerous that day, all over town, it was just icy. However, the concrete is certainly a different texture, and I wasn't, I didn't actually think about falling. I wasn't conscious of the fact that I might fall." Appellant was wearing pump-type shoes with medium heels. She had walked on the sidewalks of the town without incident. She turned from the sidewalk to enter appellee's store, and after advancing

two or three steps into the vestibule she slipped and fell.

Appellant testified in part as follows:

"Q 26 And as you turned to step off of the sidewalk into the I would call it a vestibule or some covered area there leading into the Kathryn Shoppe, did you look down in front of you?

A Yes I did. I was, I did probably all the way to town.

Q 27 What did you observe as you stepped from the sidewalk going into the vestibule?

A Well it was just a little skim of ice and snow and slick.

Q 28 There was some there on the vestibule area where you were going to have to cross?

A Yes."

\*    \*    \*    \*    \*    \*

"Q 35 When you looked down and saw the skim of ice or snow there on the vestibule area, did you slow down your speed in any way?

A I must have. I don't know whether I did or not. I just couldn't be for sure."

Appellant fell in an area that was exposed to wind, rain, sleet, and snow. It was outside and in broad daylight. The conditions faced by appellant were created by the natural elements. She saw the ice and snow in the entranceway to the store but made no attempt to slow down or exercise the care that was incumbent upon her under the circumstances.

She was familiar with the entranceway to the store and was fully aware of the icy, slick conditions not only of the streets but of the entranceway. The icy and slick vestibule was just as apparent to the appellant as it was to the appellee. The appellant did not need a warning from appellee because the obvious natural conditions created the risk. The appellant was negligent as a matter of law. It is, therefore, not necessary for us to address ourselves to the negligence, if any, on the part of the appellee.

In Fisher v. Hardesty, Ky., 252 S.W. 2d 877, we said:

"We laid down this doctrine in Bush v. Grant, 61 S.W. 363, 22 Ky.Law Rep. 1766, on the subject of contributory negligence: 'Ordinarily, the question whether the injury was caused solely by the defendant's negligence, or was contributed to by plaintiff, should be left to the jury, but, where there is no conflict of evidence as to the manner of the injury, and when the facts show unmistakably that the injury resulted from an act of the plaintiff, which in law is in itself negligence, the court should not submit the question to the jury.' See also Neal v. Ashland-Ironton Transfer & Ferry Co., 201 Ky. 332, 256 S.W. 721."

In the instant case there is no conflict of evidence as to the manner of the injury, and the facts show unmistakably that the injury resulted from an act of the appellant.

In support of appellant's contention that she was not as a matter of law contributorily negligent, she cites many slip-and-fall cases. We have examined these authorities and find that all except the case of City of Madisonville v. Poole, Ky., 249 S.W.2d 133, involve situations where the claimants sustained alleged injuries on inside as distinguished from outside premises. The court pointed out in the Madisonville case, supra, that the accident occurred at night when the porch was unlighted and the hazard, therefore, was not obvious to the invitee. The circumstances, evidence, and facts in the Madisonville case are so different as to be easily distinguished from the instant case.

We have consistently held claimants contributorily negligent as a matter of law in situations involving hazards created by

the natural elements on outside premises. Curtis v. Traders National Bank, 314 Ky. 765, 237 S.W.2d 76; Fisher v. Hardesty, Ky., 252 S.W.2d 877; and Weathers v. Morris' Estate, Ky., 397 S.W.2d 770. See also Standard Oil Company v. Manis, Ky., 433 S.W.2d 856, and cases cited therein.

Appellant was contributorily negligent as a matter of law, and the trial court properly sustained the appellee's motion for a summary judgment.

Judgment is affirmed.

All concur.