**Judi R. FUHS, Appellant,**

v.

**John J. RYAN and Ruth S. Ryan et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 13, 1978.

As Modified On Denial of Rehearing May 19, 1978.

Discretionary Review Denied Oct. 24, 1978.

Rose Levada Shipp, Alan W. Roles, Roles, Yahng & Brown, Louisville, for appellant.

Thomas W. Speckman, John K. Gordinier, Joseph H. Eckert, Louisville, for appellees.

Before GANT, VANCE and WILHOIT, JJ.

VANCE, Judge:

The principal issue in this case is the propriety of a summary judgment against appellant in her claim for damages resulting from a fall on her apartment building stairway on January 3, 1974. Appellees Ryan were appellant's landlords, who are charged with negligence in allowing icy conditions to have occurred and continued on the stairway, which was allegedly unprotected from the weather in violation of a Louisville ordinance.

Appellant's complaint also joined Al Vogel and Al Vogel d/b/a Vogel Master Builder because Vogel allegedly built the stairway in violation of the ordinance, and joined the City of Louisville, its mayor, and building inspector for having failed to force correction of the alleged defect. For reasons which follow, we affirm so much of the judgment which dismissed the City of Louisville and its agents from the lawsuit, and reverse the remainder of the judgment and remand the case for trial.

Appellant alleges that she had to be at work the morning of January 3, 1974 because she was in charge of processing a payroll that was due out that day. She had previously requested the day off but had been ordered to report. Precipitation during the night had turned the parking lot and the exposed stairway into an icy hazard, and the stairway was appellant's only avenue from her third floor apartment to the ground. When appellant first looked out at 6:30 a. m. she decided the stairway was too hazardous to try a descent, so she waited inside for some one and one-half hours before her ultimate attempt. She phoned her place of work to say she would be late, but did not attempt to complain to the Ryans, who lived only a block or so away.

Feeling compelled to get to work, appellant finally made an attempt to descend, allegedly being very cautious, but after negotiating one flight successfully, she slipped, fell, and was injured.

Appellees assert that this theory of appellant's case should not go to a jury because she was contributorily negligent as a matter of law. They cite *Bryant v. Kathryn Shoppe, Inc.,* Ky., 457 S.W.2d 483 (1970), *Standard Oil Co. v. Manis,* Ky., 433 S.W.2d 856 (1968) and others which espouse the theory that when a slick and hazardous surface is conspicuous to all, particularly if caused by the weather, it is negligence per se to proceed across it.

Appellant, on the other hand, presents us with the older cases of *Home Realty Co. v. Carius,* 189 Ky. 228, 224 S.W. 751 (1920) and *Rodgers v. Stoller,* 284 Ky. 108, 143 S.W.2d 1047 (1940) which unlike appellees' cases, are landlord-tenant cases. In *Home Realty* a jury verdict for plaintiff was affirmed for injuries due to a fall from a loose step that both plaintiff and landlord knew about. The theory of contributory negligence was overcome by the fact that the step was part of the only practical means of access to the tenancy. It was left for the jury to decide whether plaintiff exercised ordinary care under the circumstances. In *Rodgers* a landlord illegally failed to have a light in the hallway which plaintiff was trying to negotiate when she was injured. The court held she could not be contributorily negligent as a matter of law because she had a reasonable right to use the hallway even if she knew the light was out.

Thus, we see in Kentucky law, at least in the landlord-tenant realm, a consideration of the necessity or reasonable right of a tenant to proceed across a known hazard in certain cases. However, in *Morrison & Conklin Construction Co. v. Cooper,* Ky., 256 S.W.2d 505 (1953) an injured homeowner was held contributorily negligent for walking home in the dark across a known muddy and hazardous route even though it was the only route due to excavation work. Likewise, in *City of Pineville v. Selvey,* Ky., 312 S.W.2d 897 (1958), the court assumed that an injured plaintiff had to use the hazardous sidewalk to get to work, but held that she had assumed the risk of injury, and reversed her jury verdict.

We consider none of the appellees' cases to be controlling. *Bryant* and *Standard Oil,* supra, and their kin, did not contain the

elements of compulsion which a tenant might have in using the only exit way available. *Morrison & Conklin* is distinguishable in that the plaintiff carried no light, even though she had crossed the muddy way in the daytime and knew of its danger. *City of Pineville* relied on the theory of assumption of risk, a doctrine abolished in *Parker v. Redden*, Ky., 421 S.W.2d 586 (1967).

Rather than attempt to reconcile the cases presented to us, which date from 1920 to 1970, we choose to turn to *Parker v. Redden, supra,* for guidance in this case. Having decided to abolish the doctrine of assumption of risk in this jurisdiction, the court discussed the application of the doctrine of contributory negligence and stated at 593:

> . . . if there was no substantial necessity or urgency for the plaintiff's subjecting himself to the risk, or if the risk was one that easily could have been eliminated before the plaintiff took action, the plaintiff who took the risk must be considered as a matter of law to have acted unreasonably and he will not recover. On the other hand, if there was an urgent necessity for the plaintiff to incur the risk, such as to save a life, and if the risk could not easily have been eliminated, there is no reason why the damage suffered by the plaintiff should be borne by him rather than by the defendant who negligently created the risk. We think any problem can be eliminated by weighing reasonableness in the light of the necessity or urgency for the action and the difficulty of removing the risk before acting, keeping in mind that a person's appreciation of danger may be affected in what appears to him to be an emergency situation. In this connection see *Restatement, Torts,* Second, sec. 466, Comments, pp. 512 to 514, sec. 472, pp. 521, 522; Prosser, *Law of Torts,* Hornbook Series, 3rd ed., sec. 67, pp. 450, 451.

■ In the case at bar, appellant has asserted a case which would present to the jury her view of the necessity of her decision to go down the hazardous stairway, which was her only way to get to work.

We are not inclined, in light of *Parker v. Redden,* to hold her decision per se unreasonable. We do not find the facts at bar to be on par with those in *Houchin v. Willow Ave. Realty Co.,* Ky., 453 S.W.2d 560 (1970), which reaffirmed the doctrine of *Parker v. Redden* while holding a tenant contributorily negligent who descended a darkened stairway to wash clothes.

The element of a compelling "substantial necessity or urgency" was conspicuously absent in *Houchin* and also in *Dade Park Jockey Club v. Minton,* Ky., 550 S.W.2d 188 (1977), but it is not so clear in this case. Therefore, the merits of appellant's case should go to a jury.

■ However, we agree with the City of Louisville and its agents that the doctrine of sovereign immunity bars this action against it. Any failure of the city to detect and order correction of a situation in violation of its ordinance did not single out appellant in any way from the general population. See *City of Louisville v. Louisville Feed and Seed Co.,* Ky., 433 S.W.2d 638 (1968); *Fryar v. Stovall,* Ky., 504 S.W.2d 701 (1974). Therefore, the judgment is affirmed to the extent that it dismissed City of Louisville, Mayor Sloane, and the Director of Building and Housing Inspection from the suit.

The summary dismissal of appellant's claim against appellees Ryan and Vogel on the ground of contributory negligence as a matter of law was erroneous and the judgment is reversed for further proceedings against them.

All concur.

GANT, Judge, dissenting.

I disagree with the majority opinion herein on two grounds. First, there is no proof whatsoever of negligence on the part of the appellees or their agents. The evidence discloses that the hazardous condition of ice on the steps was from natural causes, not from any act of the appellees. The appellant admits that she made no effort at all to contact the resident manager of the apartment about cleaning the steps. A regular

maintenance man arrived about 45 minutes after she made her ill-advised decision to take a chance on the steps which she knew were treacherous.

Second, the appellant was contributorily negligent as a matter of law. In fact, the evidence discloses that the injury resulted solely from the act of the appellant. There was simply no substantial urgency or necessity which would excuse her conduct as is required in *Parker v. Redden, supra.* There was certainly no urgency or necessity which precluded appellant from waiting until the maintenance man arrived. I cannot conceive that being an hour or two late to work qualified as the type of "urgent necessity . . . such as to save a life" required in *Parker v. Redden.* That case also points out that the claimant cannot recover if the risk could be easily eliminated. By not notifying the manager or giving anyone the opportunity to eliminate the risk, the appellant was guilty of negligence herself that would preclude recovery.

The court spoke the law in the case of *Bryant v. Kathryn Shoppe, Inc., supra,* when it said:

> We have consistently held claimants contributorily negligent as a matter of law in situations involving hazards created by the natural elements on outside premises. *Curtis v. Traders National Bank,* 314 Ky. 765, 237 S.W.2d 76; *Fisher v. Hardesty,* Ky., 252 S.W.2d 877; and *Weathers v. Morris' Estate,* Ky., 397 S.W.2d 770. See also *Standard Oil Company v. Manis,* Ky., 433 S.W.2d 856, and cases cited therein.

Additionally, the law in this jurisdiction is well stated in the case of *Wooten v. White Trucks,* 514 F.2d 634 (5th Cir. 1975). The headnote in that case sets out as follows:

> Kentucky law, in respect to the assumption of risk defense, has repudiated economic necessity as an excuse for encountering a known or obvious hazard unless, possibly, it is established that plaintiff made an unsuccessful outcry against his conditions of employment so that loss of his job was the only alternative to going ahead under hazardous conditions.

While it is true that "conditions of employment" was not an issue here, *Parker v. Redden, supra,* is cited with approval in that case. In the instant case, we have a total absence of proof that the appellant would lose her job if she did not come immediately, merely evidence that the employer would be inconvenienced if she failed to timely arrive at work.