**William N. RUEFF, Appellant,**

v.

**INVESTOR ASSOCIATES, INC., Individually and/or d/b/a Lake Tower Apartments, 500 Central Bank Building, Lexington, Kentucky 40507, Investor Associates, Inc., Individually and/or d/b/a Lake Tower Apartments, 10 South LaSalle Street, Chicago, Illinois, Investor Associates, Inc., Individually and/or d/b/a Lake Tower Apartments, 718 Empire Central Building, Dallas, Texas 75247, Appellees.**

Court of Appeals of Kentucky.

Aug. 18, 1978.

Rehearing Denied Sept. 29, 1978.

Fred E. Fischer, Stuart N. Pearlman, Louisville, for appellant.

Gregory K. Jenkins, Nolan Carter, Jr., Boehl, Stopher, Graves & Deindoerfer, Lexington, for appellees.

Before GANT, LESTER and VANCE, JJ.

GANT, Judge.

The only question before us is whether a summary judgment was properly granted to defendant in this action because plaintiff was contributorily negligent as a matter of law.

On November 11, 1975, Rueff attended a dinner party at the apartment of a co-worker which was located on the second level of an apartment building. He had never been to this apartment complex before. Rueff arrived while it was still daylight and climbed some steps from the parking lot, traversed a level walkway to a landing area, and then climbed another set of steps to the apartment. When he left the apartment at approximately 10 o'clock, it was dark outside. The light bulb above the stairway was burned out, but Rueff testified that there was sufficient light to see the parking lot some 30 to 40 feet away. Rueff successfully negotiated the stairs in the apartment but did not see an irregular step in the walkway and fell, breaking his ankle.

The trial court issued no Findings of Fact or Conclusions of Law so we assume, as appellee argues, that the court found Rueff to be contributorily negligent as a matter of law, based on the evidence before it, which consisted solely of the deposition of Rueff. We disagree.

*Parker v. Redden,* Ky., 421 S.W.2d 586 (1968), is relied upon by appellees in this action to stand for the proposition that the plaintiff is contributorily negligent as a matter of law unless there is a "substantial necessity or urgency" for subjecting himself to a known defect or danger created by defendant. That is not what *Parker* says, and a more careful analysis of that oft-cited case is necessary to eliminate the confusion surrounding it.

In *Parker,* plaintiff Redden had stopped to assist a Mrs. Melton in repairing her flat tire. Her car was stopped on the side of the road but was still somewhat in the traffic lane. Redden's auto was parked facing hers and was even farther into the traffic lane. It was after dark, and Parker's approaching auto ran into the Melton's auto, pushing it into the Redden auto and injuring Redden.

The court took the opportunity in this case to abolish the doctrine of assumption of the risk in Kentucky. In doing so, it anticipated that there would be a danger of permitting recovery by plaintiffs where a defendant's negligence created a situation

of which plaintiff was aware. In *dicta* the court answered this hypothetical question by offering guidelines for judging the reasonableness of a plaintiff's action in these circumstances: "We think any problem can be eliminated by weighing the reasonableness in the light of the necessity or urgency for the action and the difficulty of removing the risk before acting . . ." *Id.* page 593.

In giving its reasons for abolishing the doctrine of assumption of the risk, the court said,

> First, we think that the pure assumption of risk doctrine, under which the plaintiff is barred even though he acted reasonably, should no longer be recognized or applied, *because reasonableness of conduct should be the basic consideration in all negligence cases.* So we think in the instant case Redden's admitted awareness of the risk does not ipso facto bar his recovery; *the controlling question is whether he acted reasonably. Id.* page 592. (Emphasis added).

So "urgency" and "necessity" are not the controlling elements in determining contributory negligence; they are merely factors to be considered in ascertaining the reasonableness of plaintiff's conduct, which is the ultimate question.

Thus Rueff is not automatically barred from recovery because he should have remembered that one step he had to negotiate in the darkness to reach his car. The question in this action is whether Rueff acted reasonably, with consideration given to the necessity for his action and the ease of eliminating the risk.

Unless reasonable minds could not differ, it is for the jury to determine whether Rueff exercised that degree of care that an ordinarily prudent person would have exercised under the circumstances. Under the facts of this case, it cannot be said that his actions were unreasonable as a matter of law, so the granting of a summary judgment was error.

For the foregoing reasons, this case is reversed and remanded for further proceedings consistent herewith.

All concur.