Genevieve BARSTOW,
Plaintiff-Appellant,

v.

The KROGER COMPANY,
Defendant-Appellee.

No. 82–5744.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 20, 1984.

Decided March 30, 1984.

W. Lewis Brown, Louisville, Ky., R. Keith Bond (argued), Hodgenville, Ky., for plaintiff-appellant.

Robert Hobson, Richard H.C. Clay (argued), Woodward, Hobson & Fulton, Louisville, Ky., for defendant-appellee.

* Honorable Julian A. Cook, United States District Court for the Eastern District of Michigan, sitting by designation.

Before EDWARDS and JONES, Circuit Judges, and COOK, District Judge.*

GEORGE CLIFTON EDWARDS, Jr., Circuit Judge.

This case is a negligence action brought under the diversity jurisdiction of this court and hence governed by Kentucky law.

The sole question in this case is whether Mrs. Barstow's conduct in walking toward the Kroger store exit on a wet floor was contributory negligence as a matter of law or was a matter of fact for jury decision. Plaintiff Genevieve Barstow drove to the Kroger store in Louisville, Kentucky, on February 9, 1979, at approximately 1:30 p.m. to do some shopping. Plaintiff stated in her deposition that it had snowed, sleeted, and then snowed again; the parking lot was covered with snow and ice. As she entered the store, she noted the floor was wet, presumably from snow and water tracked in from outside. There was no carpet or mat to collect the moisture. She did not mention the wet floor to store management. Mrs. Barstow then made purchases, and paid at the express lane, which was nearest the door. She saw the floor was wet as she started to leave. She took three or four steps, turned right, lost her footing, and fell to the floor. She suffered a fractured left hip.

This question appears to be a question of fact for the jury under *Parker v. Redden*, 421 S.W.2d 586 (Ky.1967) and *Rueff v. Investor Associates, Inc.*, 571 S.W.2d 93 (Ky. Ct.App.1978). *See also Fuhs v. Ryan*, 571 S.W.2d 627 (Ky.Ct.App.1978). In *Rueff*, the Court of Appeals of Kentucky held:

> The only question before us is whether a summary judgment was properly granted to defendant in this action because plaintiff was contributorily negligent as a matter of law.

Judge Gant then stated the facts and discussed them in relation to *Parker v. Redden, supra,* in which the Kentucky Court

of Appeals had approached the doctrine of assumption of risk. Judge Gant continued:

 In giving its reasons for abolishing the doctrine of assumption of the risk, the court said,

> First, we think that the pure assumption of risk doctrine, under which the plaintiff is barred even though he acted reasonably, should no longer be recognized or applied, *because reasonableness of conduct should be the basic consideration in all negligence cases.* So we think in the instant case Redden's admitted awareness of the risk does not ipso facto bar his recovery; *the controlling question is whether he acted reasonably.* *Id.* page 592 (Emphasis added).

So "urgency" and "necessity" are not the controlling elements in determining contributory negligence; they are merely factors to be considered in ascertaining the reasonableness of plaintiff's conduct, which is the ultimate question.

Thus Rueff is not automatically barred from recovery because he should have remembered that one step he had to negotiate in the darkness to reach his car. The question in this action is whether Rueff acted reasonably, with consideration given to the necessity for his action and the ease of eliminating the risk.

(2) Unless reasonable minds could not differ, it is for the jury to determine whether Rueff exercised that degree of care that an ordinarily prudent person would have exercised under the circumstances. Under the facts of this case, it cannot be said that his actions were unreasonable as a matter of law, so the granting of a summary judgment was error.

We believe that reasonable minds could differ as to whether or not Mrs. Barstow's conduct in exiting the Kroger store was reasonable even though she saw that the floor was wet. When counsel for appellee Kroger was asked at oral hearing what she could have done, he replied that she could have refused to pay for her purchases until the Kroger management dried the floor.

While this is clearly an alternative that a strong minded customer might pursue, we think that whether or not she had a duty to do this was a question of fact for the jury, by determining her contributory negligence or lack thereof. We therefore reverse the summary judgment entered by the District Court and remand the case for trial.