**Dollorosa DAVIS, Appellant,**

v.

**COLEMAN MANAGEMENT CO.; James W. Coleman and Lois B. Coleman, Appellees.**

No. 88–CA–181–S.

Court of Appeals of Kentucky.

Feb. 10, 1989.

James C. Ludwig, Louisville, for appellant.

W.R. Patterson, Jr., Delores Pregliasco, Louisville, for appellees.

Before LESTER, WEST and WILHOIT, JJ.

WILHOIT, Judge.

Dollorosa Davis appeals from a summary judgment which dismissed her complaint seeking damages for injuries sustained when she slipped and fell on an icy sidewalk outside her apartment. The issue presented in this appeal is whether the circuit court was correct in basing its decision on *Corbin Motor Lodge v. Combs*, Ky., 740 S.W.2d 944 (1987), and *Standard Oil Co. v. Manis*, Ky., 433 S.W.2d 856 (1968), which hold that a landowner has no duty to an invitee to remove or warn against a natural outdoor hazardous condition.

The appellant Dollorosa Davis leased an apartment in a fourplex building from the appellee Coleman Management Company. On January 26, 1985, after an unsuccessful attempt to start her car, Mrs. Davis decided to walk with her son to the grocery store. She slipped and fell on the sidewalk outside the apartment building, injuring her ankle. Temperatures were freezing or below the day of the accident and for at least the three preceding days, and snow had fallen over this period. Mrs. Davis alleged the landlord had made no attempts to remedy the accumulation of ice and snow on the sidewalk.

■ A landlord owes a duty to exercise reasonable diligence to keep common areas retained under the landlord's control in a safe condition for the tenants. *Home Realty Co. v. Carius*, 189 Ky. 228, 224 S.W. 751 (1920). The Restatement (Second) of Torts § 360 (1965) defines a landlord's duty for common areas as follows:

A possessor of land who leases a part thereof and retains in his own control

any other part which the lessee is entitled to use as appurtenant to the part leased to him, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care could have discovered the condition and the unreasonable risk involved therein and could have made the condition safe.

This section (from the first Restatement) was cited with approval in *Dixon v. Wootton*, 307 Ky. 338, 210 S.W.2d 967, 968 (1948). The lessee's knowledge of a dangerous condition does not in itself relieve the landlord of liability. Restatement (Second) of Torts § 360 comment b (1965). *See also Fuhs v. Ryan*, Ky.App., 571 S.W.2d 627 (1978). The majority of jurisdictions considering the issue applies the landlord's duty to inspect and repair common areas for lessees to conditions of natural origin such as ice and snow. W. Keeton, *Prosser and Keeton on the Law of Torts* § 440 (5th ed. 1984); *see also* Annot., 49 A.L.R.3d 387 (1973).

■ The circuit court dismissed the appellant's complaint based on cases holding that a landowner owes no duty to an invitee to remove or warn against ice or snow accumulations. *See, e.g., Standard Oil Co. v. Manis, supra*. These cases are not controlling because they are not landlord-tenant cases. *See Fuhs v. Ryan*, 571 S.W.2d at 628. Unlike the landlord-tenant situation, an invitee's knowledge of a dangerous condition usually relieves the possessor of liability. Restatement (Second) of Torts § 343A(1) (1965); *but see Wallingford v. Kroger Co.*, Ky.App., 761 S.W.2d 621 (1988). *Fuhs v. Ryan* reviewed a summary judgment against a tenant who sought damages against her landlord for injuries from a fall on an icy stairway. This Court, in reversing the summary judgment, recognized "at least in the landlord-tenant realm, a consideration of the necessity or reasonable right of a tenant to proceed across a known hazard in certain cases." *Id.*, 571

S.W.2d at 628. We held that a jury question was presented as to the necessity of the plaintiff's walking down the icy stairway, and reversed the summary judgment. *Fuhs v. Ryan* was decided when contributory negligence operated as a bar to recovery.

Under *Fuhs v. Ryan*, then, the determination of a landlord's liability for injuries attributable to natural accumulations of ice and snow is encompassed by the general duty of a landlord to exercise reasonable care to keep common areas reasonably safe. The landlord is the only person who has control over the common areas, and if the landlord does not take reasonable steps to make such areas reasonably safe, then no one will. *See Wright & Taylor, Inc. v. Smith*, Ky., 315 S.W.2d 624 (1958). We note that under the Uniform Residential Landlord and Tenant Act, not pled in this case, the landlord is under a statutory obligation to "keep all common areas of the premises in a clean and safe condition." KRS 383.595(1)(c).

■ This does not impose an undue burden on the landlord. The landlord's actions should be evaluated according to what is reasonable under all the circumstances. The landlord is not a guarantor of the tenants' safety. *Nash v. Searcy*, 256 Ky. 234, 75 S.W.2d 1052, 1056 (1934). The landlord's actual or constructive notice of the hazardous conditions is, of course, a significant factor. *Pease v. Nichols*, Ky., 316 S.W.2d 849, 851 (1958). Other factors include, for example, the length of time the snow or ice had remained on the walkway and the landlord's opportunity to take steps to remedy the condition. *See Corbin Motor Lodge*, 740 S.W.2d at 948 (Lambert, J., dissenting). The tenant's actions also need to be evaluated for their reasonableness. Considerations include, for example, the necessity of travelling at that particular time, *see Fuhs v. Ryan*, and the availability of other means of ingress and egress.

■ Turning to the record in this case, we cannot agree with the circuit court that

Mrs. Davis, as a matter of law, failed to make a showing of "substantial necessity or urgency" to travel at the time of her injury. *See Fuhs v. Ryan.* Summary judgment is not an appropriate means to test the sufficiency or weight of the evidence. *Conley v. Hall,* Ky., 395 S.W.2d 575 (1965).

The judgment is reversed and this case is remanded for proceedings consistent with this opinion.

All concur.