Nina WHATLEY, Appellant,

v.

**BLUE LICK APARTMENTS, LTD., and L.E.A. Properties, LLC, d/b/a Beacon Property Management, LLC, Appellees.**

No. 2005–CA–001379–MR.

Court of Appeals of Kentucky.

Aug. 4, 2006.

Freeda M. Clark, Louisville, KY, for appellant.

Curt L. Sitlinger, John E. Hamlet, Sitlinger, McGlincy, Theiler & Karem, Louisville, KY, for appellees.

Before JOHNSON and TAYLOR, Judges; HUDDLESTON,[1] Senior Judge.

*OPINION*

HUDDLESTON, Senior Judge

Nina Whatley appeals from a summary judgment that dismissed her complaint seeking damages for personal injuries sustained in a fall from Blue Lick Apartments, Ltd. and L.E.A. Properties, LLC, doing business as Beacon Property Management, LLC.

This litigation arose over a slip and fall that occurred on December 27, 2002, at an apartment complex owned by Blue Lick Apartments, Ltd. and managed by L.E.A. Properties, LLC. Whatley was a tenant at the complex who lived in a second-floor apartment. The complex had a policy requiring residents to dispose of their garbage in a community dumpster or face a $25.00 fine if garbage was left elsewhere. A wooden staircase connected the second-floor apartments to the sidewalk below. The staircase was located in a breezeway that was open to the elements. On the day in question, Whatley intended to stay in bed all day due to a back ailment. The weather was inclement, with freezing temperatures and intermittent sleet. Whatley claims that she ventured from her apartment to take a bag of garbage to the dumpster because she feared being fined by the apartment complex if she left the garbage outside her door. Whatley left her apartment wearing pajamas "like a baby's pajamas with the feet in them." Whatley admitted she saw that "chunks" of ice covered the stairs. She scrutinized the first step and thought it looked relatively free of ice. Unfortunately, the stair was slick and Whatley tumbled to the sidewalk below. Whatley sustained a back injury as a result of the fall.

Whatley brought a negligence claim against Blue Lick and L.E.A., but the circuit court granted the defendants' motions for summary judgment and dismissed her complaint.

■ On appeal, Whatley contends that the circuit court erred by granting summary judgment because factual questions exist as to whether Blue Lick and L.E.A. breached the duty of care owed Whatley.

When we review a summary judgment, we consider whether the circuit court correctly decided that there is no genuine issue as to any material fact. If the answer is "yes," then we must determine whether the moving parties were entitled to judgment as a matter of law.[2] "Only when it appears impossible for the nonmoving party [in this case, Whatley] to produce evidence at trial warranting a judgment in [her] favor should the motion for summary judgment be granted."[3]

The circuit court relied upon *Standard Oil Company v. Manis*[4] in reaching its decision. *Standard Oil* addressed the duty owed by a landowner to a business invitee to keep outdoor walkways free of an accumulation of snow and ice.[5] Kentucky's highest court determined "that natural outdoor hazards which are as obvi-

1.  Senior Judge Joseph R. Huddleston sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and KRS 21.580.

2.  Ky. R. of Civ. Proc. (CR) 56.03; *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996).

3.  *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 482 (Ky.1991).

4.  433 S.W.2d 856 (Ky.1968).

5.  *Id.* at 857.

ous to an invitee as to the owner of the premises do not constitute unreasonable risks to the [business invitee] which the landowner has a duty to remove or warn against."[6] While this is the controlling law in a business invitee situation, the jurisprudence is somewhat different in a case involving a landlord and a tenant.[7]

■ The general rule in Kentucky is that a landlord owes its tenants a duty of care to maintain all common areas under the landlord's control in a safe condition.[8] In *Davis*, this Court distinguished *Standard Oil* by pointing out that a landlord owes a heightened duty of care to its tenants in contrast to the duty a landowner owes to a business invitee.[9] We said that

the determination of a landlord's liability for injuries attributable to natural accumulations of ice and snow is encompassed by the general duty of a landlord to exercise reasonable care to keep common areas reasonably safe. The landlord is the only person who has control over the common areas, and if the landlord does not take reasonable steps to make such areas reasonably safe, then no one will.[10]

The *Davis* court went on to consider the factors relevant to analyzing the conduct of the parties:

This does not impose an undue burden on the landlord. The landlord's actions

should be evaluated according to what is reasonable under all the circumstances. The landlord is not a guarantor of the tenants' safety. The landlord's actual or constructive notice of the hazardous conditions is, of course, a significant factor. Other factors include, for example, the length of time the snow or ice had remained on the walkway and the landlord's opportunity to take steps to remedy the condition. The tenant's actions also need to be evaluated for their reasonableness. Considerations include, for example, the necessity of travelling at that particular time, and the availability of other means of ingress and egress.[11]

In this case, material issues of fact exist as to the reasonableness of the parties' actions. Consequently, summary judgment was improper.

The summary judgment dismissing Whatley's complaint is vacated, and this case is remanded to Jefferson Circuit Court for further proceedings.

ALL CONCUR.

**6.** *Id.* at 858.

**7.** *Fuhs v. Ryan,* 571 S.W.2d 627 (Ky.App. 1978).

**8.** *Davis v. Coleman Mgmt. Co.,* 765 S.W.2d 37, 38 (Ky.App.1989), citing *Home Realty Co. v. Carius,* 189 Ky. 228, 224 S.W. 751 (Ky.1920).

**9.** *Id.* at 39.

**10.** *Id.*

**11.** *Id.* (citations omitted).