RENDERED: NOVEMBER 3, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

### NO. 2022-CA-1294-MR

GREGORY KAYS                                                                                    APPELLANT

APPEAL FROM MERCER CIRCUIT COURT
v.           HONORABLE DARREN WAYNE PECKLER, JUDGE
ACTION NO. 20-CI-00108

STRATEGIC HOLDINGS, LLC                                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: DIXON, GOODWINE, AND TAYLOR, JUDGES.

GOODWINE, JUDGE: Gregory Kays ("Kays") appeals from the Mercer Circuit Court's order granting summary judgment in favor of Strategic Holdings, LLC ("Strategic Holdings"). Based on our review, finding no error, we affirm.

The circuit court summarized the background of this case as follows:

> This case arises from an incident involving Plaintiff Gregory Kays which occurred on September 20, 2019, at an apartment unit owned by Strategic Holdings, LLC. At the time of the incident, [Kays] was a guest at an apartment that was being leased by his former girlfriend. [Kays] was

in the process of taking out the trash when he stepped on a soft spot inside the residence near the front door and his left foot went through the floor. The soft spot inside the apartment unit was noticeably discolored and [Kays] and the tenant had each been aware of the soft spot since 2017.

Strategic Holdings, LLC, moved for summary judgment and argued that it bore no potential liability to [Kays] because under Kentucky Law, a defendant landlord cannot be liable for an injury caused by a condition inside the apartment which was known to the tenant or discoverable through reasonable inspection. *Home Realty Co. v. Ca[r]ius*, 224 S.W. 751, 752 (Ky. App. 1920); *Warren v. Winkle*, 400 S.W.3d 755, 759 (Ky. Ct. App. 2013); *True v. Fath Bluegrass Manor Apartment*, 358 S.W.3d 23, 27 (Ky. Ct. App. 2011). [Kays] filed a Response in Opposition to Strategic Holdings, LLC's Motion for summary Judgment which argued summary judgment was improper because (1) while Plaintiff was aware of the discolored soft spot on the floor before the incident, he was not aware of the exact issue that was causing the defect; and (2) that the location of the defect in the floor constituted an area of the apartment that was under the control of the landlord and not the tenant.

Record ("R.") at 293.

The circuit court heard the parties' arguments on August 18, 2022. On October 5, 2022, the circuit court entered an opinion granting summary judgment in favor of Strategic Holdings and dismissing Kays' claims against it with prejudice. The circuit court found Strategic Holdings presented evidence that Kays was aware of the defect before the incident. Kays "testified in his deposition that Strategic Holdings, LLC's property manager had inquired about [Kays] fixing the issue that led to water intruding under the floor, which [Kays] believes caused

the soft spot, prior to the incident." R. at 294. The circuit court was unconvinced by Kays' rebuttal argument that Strategic Holdings "retain[ed] exclusive control over the area where the defect was located because the defect was to the unit's foundation and/or its structural components" based "on a comment to the *Restatement (Second) of Torts* § 361 (1965)." R. at 194-95. The circuit court concluded the evidence clearly showed the incident "occurred inside the leased premises, where the tenant had exclusive possession[,]" and "the defect existed in the floor itself, rather than to the unit's foundation and/or structural components[.]" R. at 295. This appeal followed.

On appeal, Kays argues the circuit court erroneously found that, because the incident occurred inside the leased premises, the subfloor, floor joists, and other structural components under the apartment were in the exclusive control of the tenant. Our standard of review for a grant of summary judgment is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of

law." CR[1] 56.03. The record must be viewed in a light most favorable to the non-moving party, and all doubts will be resolved in its favor. *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo.*" *Lewis v. B & R Corp.,* 56 S.W.3d 432, 436 (Ky. App. 2001).

Kays' single-paragraph argument solely relies on one case that cites *Restatement (Second) of Torts* § 361 (1965):

> A possessor of land who leases a part thereof and retains in his own control any other part which is necessary to the safe use of the leased part, is subject to liability to his lessee and others lawfully upon the land with the consent of the lessee or a sublessee for physical harm caused by a dangerous condition upon that part of the land retained in the lessor's control, if the lessor by the exercise of reasonable care.
>
> (a) could have discovered the condition and the risk involved, and
>
> (b) could have made the condition safe.
>
> Comment b states the rule "applies to the maintenance of walls, roofs, and foundations of an apartment house or office building."

---

[1] Kentucky Rules of Civil Procedure.

*Warren v. Winkle*, 400 S.W.3d 755, 760 (Ky. App. 2013) (quoting *Restatement (Second) of Torts* § 361 (1965)). Based on Comment b, Kays argues "[b]ecause neither the tenant, nor [Kays] had access to, or control of, the sub-floor, floor joists or other structural components of the floor, these would fall into this same category. As such, Strategic Holdings is liable to [Kays] for his damages." Appellant's Brief at 7.

Aside from citing one case and making a conclusory argument that we should extend the *Restatement* in this case; Kays articulates no specific or detailed arguments in his brief. "[A] terse, conclusory assertion wholly unaccompanied by meaningfully developed argument or citation to authority is insufficient to merit appellate relief." *Schell v. Young*, 640 S.W.3d 24, 32 (Ky. App. 2021).

Additionally, Kays' argument is unsupported by Kentucky case law. Strategic Holdings is not liable for Kays' injuries because the incident occurred inside the tenant's townhome:

> When determining whether a residential landlord is liable for injuries sustained on leased property, there is a critical distinction between properties leased wholly by one tenant and properties leased by numerous tenants. When a tenant maintains complete control and possession over the premises and the landlord has no contractual or statutory obligation to repair, the landlord is only liable for "the failure to disclose known latent defects at the time the tenant leases the premises." *Carver v. Howard*, 280 S.W.2d 708, 711 (Ky. App. 1955). However, when a portion of the premises is retained by the landlord for the common use and benefit of numerous tenants, the

> landlord must exercise ordinary care to keep common areas in a reasonably safe condition. *Id.*

*Jaimes v. Thompson*, 318 S.W.3d 118, 119-20 (Ky. App. 2010). Furthermore, "under the common-law negligence standard," landlords "are not liable to" tenants "for damages in connection with [their] personal injuries" when the tenant knew about the dangerous condition. *Waugh v. Parker*, 584 S.W.3d 748, 754 (Ky. 2019).

Kays was injured inside the tenant's leased townhome. Kays' injury was caused by a soft spot in the floor by the front door caused by water damage, which Kays testified in his deposition that he was aware of before the incident. Kays testified in his deposition that Strategic Holdings' property manager asked him to fix "the problem with the water coming in through the doors." R. at 335. Kays further testified he became aware of the soft spot "just as soon as [his ex-girlfriend] moved in." R. at 342. Kays was an "ex-builder," and he knew water was "draining . . . between the subfloor and the hardwood." *Id.* The water was "discoloring the floor," causing "a little divot," and it finally "got weak enough" that his foot went through the floor. R. at 342-43. Therefore, based on our record review and applicable case law, the circuit court correctly found Strategic Holdings was not liable for Kays' injuries.

For the foregoing reasons, we affirm the judgment of the Mercer Circuit Court.

ALL CONCUR.

BRIEF FOR APPELLANT:

Jeffrey R. Morgan
Hazard, Kentucky

BRIEF FOR APPELLEE:

Zachary L. Turpin
Joshua J. Leckrone
Lexington, Kentucky